USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
IN RE:                                          :

KIND LLC "HEALTHY AND ALL          :
NATURAL" LITIGATION

                                                :

This Document Relates to All Actions    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

15-MD-2645 (WHP)
15-MC-2645 (WHP)

**ORDER APPOINTING
INTERIM CLASS COUNSEL**

(ORDER NO. 3)

WILLIAM H. PAULEY III, District Judge:

        Two competing groups of attorneys in this Multi-District Litigation vie for appointment as co-lead interim class counsel under Federal Rule of Civil Procedure 23(g)(3): (1) Finkelstein, Blankinship, Frei-Pearson & Garber LLP ("FBFG"), Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw, LLP; and (2) Faruqi & Faruqi and the Law Offices of Ronald A. Marron ("the Marron Firm"). On October 30, 2015, this Court heard oral argument on their motions. For the following reasons, FBFG, Adhoot & Wolfson, and Pearson, Simon & Warshaw, LLP's motion to be appointed as co-lead interim class counsel is granted for a one-year term.

## DISCUSSION

        Federal Rule of Civil Procedure 23 permits this Court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Potential interim class counsel are evaluated under the same criteria as potential counsel for certified classes. See In re Crude Oil Commodity Futures Litig., 11 Civ. 3600 (WHP), 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012). Accordingly, Rule 23 requires a court to consider: "(i) the work counsel has done in identifying or

investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed R. Civ. P. 23(g)(1)(A).

The two groups competing for co-lead counsel are both "adequate" under the Rule 23(g)(1)(A) rubric. Both undertook significant efforts to identify and investigate potential claims and both have extensive experience prosecuting consumer class actions. Further, both groups have experience prosecuting multi-district litigation—Pearson, Simon & Warshaw, LLP served as co-lead counsel in In re Credit Default Swaps Antitrust Litig., 13-MD-2476 (S.D.N.Y. 2013), and Faruqi & Faruqi served as co-lead counsel in In re Shop-Vac Mktg. and Sales Practices Litig., 4:12-MD-2380 (M.D. Pa. 2013). There is no question that both groups possess the legal knowledge and resources necessary to represent the putative class.

Nevertheless, this Court is persuaded that FBFG, Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw, LLP, collectively, will be "best able to represent the interests of the class." See Fed. R. Civ. P. 23(g)(2). First, FBFG, Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw LLP have the support of Plaintiffs in seven of the eleven consolidated actions. Second, they have exhibited leadership skills from the outset by working cooperatively and amicably with all Plaintiffs' counsel to develop a proposed leadership structure and workflow, through a series of personal meetings and correspondence. And third, they have developed a "proposed protocol" to ensure economy and efficiency, which prescribes, inter alia, that no more than two attorneys will appear on behalf of Plaintiffs at any given status conference before this Court, and each of the co-lead interim class counsel will limit his or her firm to no more than three billing attorneys. Because three law firms are part of the group this Court is appointing,

2

Counsel should marshal their resources to limit the total number of attorneys working on this matter below their maximum proposed staffing.

Managing a multi-district litigation is a dynamic process that requires close monitoring by this Court. With that principle in mind, this Court limits its appointment of FBFG, Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw, LLP as co-lead interim class counsel to a one-year term. Counsel may apply for renewal by October 31, 2016. This Court will also entertain any competing applications at that time.

Further, FBFG, Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw, LLP are directed to maintain contemporaneous records of the professional hours expended prosecuting this matter. Such time records shall provide reasonable detail showing work performed by day, attorney, time, task, and rate billed. Counsel shall provide quarterly reports, beginning as of December 31, 2015, that include their contemporaneous time records. Such reports shall be submitted to this Court for in camera review within 21 days after the conclusion each quarter.

## CONCLUSION

For the foregoing reasons, Finkelstein, Blankinship, Frei-Pearson & Garber LLP, Adhoot & Wolfson, PC, and Pearson, Simon & Warshaw, LLP's motion for appointment as co-lead interim class counsel is granted for a one-year term. The Clerk of Court is directed to terminate the motions pending at ECF Nos. 13 and 18.

Dated: November 13, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record (via ECF).*