## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE KIND LLC "HEALTHY AND ALL NATURAL" LITIGATION | 15-MD-2645 (WHP)<br>15-MC-2645 (WHP)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KIND LLC, AND MANAGEMENT, INC.'S MOTION TO DISMISS** |
| This Document Relates to:<br><br>ALL ACTIONS | (William H. Pauley III, District Judge) |

# TABLE OF CONTENTS

**Page No.**

INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................3

    I.   Legal Standard ...........................................................................3

   II.   Plaintiffs' "Healthy" Claims Are Not Preempted ............................................3

        A.  Plaintiff's Claims Mirror FDA Regulations And The FDA's
           Finding That Kind's "Healthy" Claim Is Deceptive .................................................6

  III.   Plaintiffs' "Natural" Claims Should Not Be
        Stayed Under The Primary Jurisdiction Doctrine ...............................................9

        A.  Whether KIND's Bars Are Deceptively Labeled
           Is Within The Conventional Experience of Judges..................................................10

        B.  There Is No Substantial Danger Of Inconsistent Rulings......................................12

        C.  Prior Application To The Agency Has Not Been Made .......................................12

        D.  *Astiana* Does Not Support Staying Plaintiffs' Claims Here,
           Which Would Needlessly Delay Resolution Of, And Prejudice,
           Plaintiffs' Remaining Claims.................................................................................14

  IV.   KIND's "Healthy," "Natural," And "Non-GMO" Claims Are
        Deceptive And Violate Consumer Protection Laws ...................................................16

        A.  KIND's "All Natural" Representation Is Deceptive..............................................18

        B.  KIND's "Non-GMO" Representation Is Deceptive ..............................................20

        C.  KIND's "Healthy" Representation Is Deceptive ...................................................22

CONCLUSION.............................................................................. ......................25

# TABLE OF AUTHORITIES

**Cases**                                                         **Page No.**

*Ackerman v. Coca-Cola Co.,*
No. 09-0395, 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ............................................... Passim

*Aliano v. Louisville Distilling Co.,*
115 F. Supp. 3d 921 (N.D. Ill. 2015) ........................................................................... 17

*Amerijet Int'l, Inc. v. United States Dep't of Homeland Sec*
43 F. Supp. 3d 4, 21 (D.D.C. 2014) .................................................................. 20, 21

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................................ 3, 4

*Astiana v. Hain Celestial Group, Inc.,*
783 F.3d 753 (9th Cir. 2015) ............................................................................ 14, 15, 16

*Ault v. J.M. Smucker Co.,*
No. 13-3409, 2014 WL 1998235 (S.D.N.Y. May 15, 2014) ............................................. Passim

*Balser v. Hain Celestial Group,*
No. 14–55074, 2016 WL 696507 (9th Cir. Feb. 22, 2016) ........................................ 20

*Bates v. Dow Agrosciences LLC,*
544 U.S. 431 (2005) ........................................................................................ 8

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................................. 3

*Brown v. Hain Celestial Group, Inc.,*
No. 11-03082, 2012 WL 3138013 (N.D. Cal. Aug. 1, 2012) ..................................... 8

*Bruton v. Gerber Prods. Co.,*
961 F. Supp. 2d 1062 (N.D. Cal. 2013) ................................................................ 8

*Buckman Co. v. Plaintiffs' Legal Comm.,*
531 U.S. 341 (2001) ................................................................................... 7, 8

*Castaneda v. Burger King Corp.,*
597 F. Supp. 2d 1035 (N.D. Cal. 2009) ............................................................... 10

*Cipollone v. Liggett,*
505 U.S. 504 (1992) ................................................................................................ 4

*Clancy v. The Bromley Tea Co.,*
   308 F.R.D. 564 (N.D. Cal. 2013) ...................................................... 7

*CytoSport v. Vital Pharms.*, No. 08-02632,
   No. 08-02632, 2012 WL 3881599 (E.D. Cal. Sept. 6, 2012) ..................... 7

*Elkind v. Revlon Consumer Prods. Corp.,*
   No. 14-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) ................... 12

*F.T.C. v. Consumer Health Benefits Ass'n,*
   No. 10-3551, 2012 WL 1890242 (E.D.N.Y. May 23, 2012) ...................... 2

*Fraker v. KFC Corp.,*
   No. 06-01284, 2007 WL 1296571 (S.D. Cal. Apr. 30, 2007) .................... 9

*General Elec. Co. v. MV NEDLLOYD,*
   817 F.2d 1022 (2d Cir. 1987) ....................................................... 10

*Goldemberg v. Johnson & Johnson Consumer Cos.,*
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..........................................Passim

*Goonewardena v. New York State Workers' Comp. Bd.,*
   No. 09-8244, 2011 WL 4822553 (S.D.N.Y. Oct. 5, 2011) ...................... 4

*Goshen v. Mut. Life Ins. Co.,*
   98 N.Y.2d 314 (N.Y. 2002) ........................................................... 3

*Goya Foods, Inc. v. Tropicana Prods., Inc.,*
   846 F.2d 848 (2d Cir.1988) ........................................................ 10

*Gustavson v. Wrigley Sales Co.,*
   961 F. Supp. 2d 1100 (N.D. Cal. 2013) ........................................... 8

*Ham v. Hain Celestial Gp.,*
   70 F.3d 1188, 1193 (N.D. Cal. 2014) ............................................ 17

*Hansen Bev. Co. v. Innovation Ventures, LLC,*
   No. 08-1166, 2009 WL 6597891 (S.D. Cal. Dec. 23, 2009) ..................... 9

*Hopper v. Banana Republic, LLC,*
   No. 07-8526, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008) ..................... 24

*In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.,*
   701 F. Supp. 2d 356 (E.D.N.Y. 2010) ............................................ 8

*In re Farm Raised Salmon Cases,*
   42 Cal. 4th 1077, 72 Cal.Rptr.3d 112, 175 P.3d 1170 (2008)....................................................9

*In re Frito-Lay N. Am., Inc. All Nat. Litig.,*
   No. 12–MD–2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)....................................Passim

*In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.,*
   955 F. Supp. 2d 1311 (S.D. Fla. 2013)..........................................................................16

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,*
   476 F. Supp. 2d 275 (S.D.N.Y. 2007)...........................................................................10

*Jackson v. Balanced Health Prods.,*
   No. 08-05584, 2009 WL 1625944 (N.D. Cal. June 10, 2009)..........................................9

*Jones v. ConAgra Foods, Inc.,*
   912 F. Supp. 2d 889 (N.D. Cal. 2012)......................................................................11, 12

*Jou v. Kimberly-Clark Corp.,*
   No. 13-03075, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013)........................................20

*Jovel v. i-Health, Inc.,*
   No. 12-5614, 2013 WL 5437065 (E.D.N.Y. Sept. 27, 2013)..........................................10

*Kane v. Chobani,*
   No. 14–15670, 2016 WL 1161782 (9th Cir. Mar. 24, 2016)..........................................14

*Kanfer v. Pharmacare US, Inc.,*
   No. 15-0120, 2015 WL 6742201 (S.D. Cal. Nov. 4, 2015).............................................9

*Karhu v. Vital Pharm., Inc.,*
   No. 13-60768, 2013 WL 4047016 (S.D. Fla. Aug. 9, 2013)..........................................10

*Koenig v. Boulder Brands, Inc.,*
   995 F. Supp. 2d 274 (S.D.N.Y. 2014)....................................................................4, 6, 7

*Kosta v. Del Monte Corp.,*
   No. 12-01722, 2013 WL 2147413 (N.D. Cal. May 15, 2013).........................................19

*Langan v. Johnson & Johnson Consumer Cos.,*
   95 F. Supp. 3d 284 (D. Conn. 2015).........................................................................11

*Lanovaz v. Twinings N. Am., Inc.,* No.,
   No. 12-02646, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013)..........................................23

*Lockwood v. Conagra Foods, Inc.*,
  597 F. Supp. 2d 1028 (N.D. Cal. 2009) ...................................................... 5, 9

*Loreto v. Procter & Gamble Co.*,
  515 F. App'x 576 (6th Cir. 2013)................................................................... 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ...................................................................................... 4

*Nader v. Allegheny Airlines*,
  426 U.S. 290 (1976) ...................................................................................... 10

*National Commc'ns Ass'n, Inc. v. American Tel. & Tel. Co.*,
  46 F.3d 220 (2d Cir. 1995)......................................................................... 9, 15

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
  693 F.3d 145 (2d Cir. 2012)......................................................................... 22

*New York State Rest. Ass'n v. New York City Bd. of Health*,
  556 F.3d 114 (2d Cir. 2009) .......................................................................... 5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
  85 N.Y.2d 20 (N.Y. 1995).............................................................................. 17

*Parker v. J.M. Smucker Co.*,
  No. 13-0690, 2013 WL 4516156 (N.D. Cal. Aug. 23, 2013).................... 5, 22

*Pelayo v. Nestle USA, Inc.*,
  No. 13-5213, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013)..................... 20

*Perez v. Nidek Co.*,
  711 F.3d 1109 (9th Cir. 2013)........................................................................ 5

*Quinn v. Walgreen Co.*,
  958 F. Supp. 2d 533 (S.D.N.Y. 2013) ........................................................... 17

*Reynolds v. Wal-Mart*,
  No. 14-381, 2015 WL 1879615 (N.D. Fla. Apr. 23, 2015)........................... 7

*Riegel v. Medtronic, Inc.*,
  552 U.S. 312 (2008) ...................................................................................... 8

*Rojas v. General Mills, Inc.*,
  No. 12-05099, 2014 WL 1248017 (N.D. Cal. Mar. 26, 2014)................. 20, 21

*Segedie v. Hain Celestial Grp., Inc.,*
   No. 14-5029, 2015 WL 2168374, (S.D.N.Y. May 7, 2015) ................................................ 11, 13

*Stewart v. Smart Balance, Inc.,*
   No. 11-6174, 2012 WL 4168584 (D.N.J. June 26, 2012) ......................................................... 4

*Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.,*
   581 F. Supp. 2d 1215 (S.D. Fla. 2008) ................................................................................. 17

*Sussman v. I.C. Sys., Inc.,*
   928 F. Supp. 2d 784 (S.D.N.Y. 2013) .................................................................................... 5

*U.S. ex rel. Taylor v. Gabelli,*
   345 F. Supp. 2d 340 (S.D.N.Y. 2004) .................................................................................. 15

*Vassigh v. Bai Brands LLC,*
   No. 14-05127, 2015 WL 4238886 (N.D. Cal. July 13, 2015) ................................................ 5

*Verzani v. Costco Wholesale Corp.,*
   No. 09-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) .................................................. 9

*Von Koenig v. Snapple Beverage Corp.,*
   713 F. Supp. 2d 1066 (E.D. Cal. 2010) ................................................................................ 19

*Weisblum v. Prophase Labs, Inc.,*
   88 F. Supp. 3d 283 (S.D.N.Y. 2015) .................................................................................... 22

*Williams v. Gerber Prods. Co.,*
   552 F.3d 934 (9th Cir. 2008) ................................................................................... 16, 17, 24

*Wilson v. Frito-Lay N. Am., Inc.*, No.,
   No. 12-1586, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ......................................... 5, 8, 19

*Wyeth v. Levine,*
   129 S. Ct. 1187 (2009) ....................................................................................................... 5, 8

**Statutes**

15 U.S.C. § 45 ............................................................................................................................. 3

21 U.S.C. § 343 ........................................................................................................................... 1

NY GBL §§ 349 and 350 ........................................................................................................... 21

**Regulations**

21 C.F.R. § 101.62(b) ................................................................................................ 6

21 CFR 101.65(d)(2) .................................................................................................. 1

21 CFR § 101.12(h)(1) ............................................................................................... 8

60 Fed.Reg. 57076 (Nov. 13, 1995) ......................................................................... 5

<u>**INTRODUCTION**</u>

Plaintiffs' claims against KIND are straightforward, and not subject to dismissal. KIND markets and advertises its snack bars as a healthy and natural choice and, to that end, prominently labels every bar at issue in this litigation as "All Natural," "Non GMO," and/or "Healthy." Plaintiffs allege that these representations and warranties are, in fact, false. The bars contain unhealthy amounts of fat, are not natural because they contain synthetic and unnatural ingredients such as soy lecithin and glucose syrup, and are not "Non-GMO" because they contain ingredients derived from GMOs.

Plaintiffs' allegations of deception are plausible because KIND itself concedes (in fine-print ingredient lists) that its bars contain synthetic ingredients, and because independent tests demonstrate the bars contain GMO ingredients. Further, the Food and Drug Administration ("FDA") issued a warning letter to KIND *explicitly stating that it violated* Section 403 of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 343. The letter stated that several of KIND's products are misbranded because they contain false nutrient content claims. Notably, these products do not "meet the requirements for use of the nutrient content claim 'healthy' that are set forth in 21 CFR 101.65(d)(2)." Plaintiffs also plausibly allege that they were injured by KIND's deceptive conduct. Plaintiffs allege that the market for healthy snacks is no longer a niche market as consumers consciously seek out healthier food options, and that companies like KIND can (and do) charge a price premium by representing their products as healthy and free of unnatural or genetically modified ingredients. Because reasonable consumers care about eating natural and healthy snacks, they will pay a premium to do so.

When boiled down to its essence, KIND's argument is unbelievable. It does not even deny that it violated the law. Instead, KIND argues that its violation is so "technical" and

"complex" that the Court should dismiss this lawsuit because consumers could not have been deceived by KIND's *admittedly deceptive* conduct.

In an attempt to evade liability, KIND contends that Plaintiffs' non-warranty "Healthy" claims are preempted by federal law. But it is well-settled that claims related to food labels are not preempted where, as here, plaintiffs do not seek to impose a rule or requirement different than that mandated by federal law. Federal regulations prohibit KIND from representing that its bars are "healthy" given the amount of saturated fat they contain, and Plaintiffs' claims mirror that regulation and the FDA's conclusion that KIND's labels are deceptive because the bars are not in fact "healthy" under the federal regulation. KIND does not contend that the FDA occupies the field of food label regulation (nor can it), and there is no conflict between Plaintiff's state law claims and FDA regulations. Therefore, this Court, like other courts that have addressed this issue in similar circumstances, should reject KIND's preemption defense.

Nor should the Court stay Plaintiffs' "All Natural" claims on primary jurisdiction grounds. It is well-settled that a court should not defer adjudicating a live controversy in deference to on-going administrative oversight where the issue is a legal one courts are well suited to adjudicate. A stay would do nothing more than needlessly delay Plaintiffs' claims and, likely, prejudice their ability to litigate their remaining claims premised on KIND's false "healthy" and "Non-GMO" labels. The primary issue here is whether KIND violated state consumer protection laws by including certain representations on its labels that Plaintiffs contend are false; this is the type of issue that New York courts have been deciding since 1970, when New York enacted its "mini-FTC act."[1]

---

[1] *F.T.C. v. Consumer Health Benefits Ass'n*, No. 10-3551, 2012 WL 1890242, at *7 (E.D.N.Y. May 23, 2012) (citation omitted). The New York Consumer Protection Act, "much like its federal counterpart, the

This Court should not delay adjudicating any aspect of this case in the vague and desperate hope that the FDA may one day in the future provide guidance on when use of the term "natural" is deceptive. The FDA only recently asked for public comments to consider whether it should issue guidance on this question, and it may well extend that period for numerous additional months or even years. It is speculative at best that the FDA ever will decide to issue regulations and, if it does, those regulations may or may not apply to Plaintiffs' claims for any number of reasons, including that any such regulations will have been issued after KIND's deceptive conduct occurred. Like the vast majority of courts that have been asked to delay cases pending FDA guidance on the use of the term "natural," this Court should not apply the doctrine of primary jurisdiction to delay this action indefinitely.

KIND's preemption arguments have no applicability to Plaintiffs' warranty claims, and its primary jurisdiction argument is directed only at Plaintiffs' "natural" claims. Neither of these arguments would dispose of this action in its entirety, and all of Plaintiff's claims are plausible on their face.[2] KIND's Motion should be denied in its entirety, and this action should be allowed to proceed.

## ARGUMENT

### I.  Legal Standard

Courts review a pleading for plausibility on a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Courts accept all well-pleaded factual allegations as true and draw all reasonable inferences in the pleader's favor. *See id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). "A motion to dismiss

---

Federal Trade Commission Act 15 USC § 45, is intentionally broad, applying 'to virtually all economic activity'." *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 323 (2002) (citation omitted).

[2] Defendant does not even affirmatively move against Plaintiffs' Breach of Warranty, Unjust Enrichment or Negligent Misrepresentation claims.

serves to test the sufficiency of the complaint and not to weigh evidentiary proffers."

*Goonewardena v. New York State Workers' Comp. Bd.*, No. 09-8244, 2011 WL 4822553, at *3

(S.D.N.Y. Oct. 5, 2011). Accordingly "general factual allegations of injury resulting from the

defendant's conduct may suffice" at the pleadings stage. *Lujan v. Defenders of Wildlife,* 504

U.S. 555, 561 (1992). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II.    Plaintiffs' "Healthy" Claims Are Not Preempted

Preliminarily, Plaintiffs' warranty claims cannot be preempted because they arise from a

voluntary commitment undertaken by Defendants, rather than from independent operation of

state law. *See Stewart v. Smart Balance, Inc.*, No. 11-6174, 2012 WL 4168584, at *6 (D.N.J.

June 26, 2012) (breach of warranty claim under the NLEA is "not preempted because the claim

does not relate to requirements 'imposed under State law,' but rather imposed by the

warrantor"); *Ackerman v. Coca-Cola Co.*, No. 09-0395, 2010 WL 2925955, at *7 (E.D.N.Y. July

21, 2010) ("[B]reach of warranty claims are generally not preempted because they are not

requirements 'imposed under State law,' but rather imposed by the warrantor." (quoting

*Cipollone v. Liggett Gp.*, 505 U.S. 504, 525-26 (1992))).

Furthermore, Plaintiffs' remaining claims are not preempted because they mirror FDA

regulations and the FDA's determination that KIND's "Healthy" claim is false and deceptive.

State law claims are not preempted if they impose requirements identical to federal regulations.

*See, e.g.*, *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 284 (S.D.N.Y. 2014) (finding

claims not preempted where they "explicitly track" federal requirements); *Ackerman*, 2010 WL

2925955, at *13 ("[A] statute mirroring its federal counterpart does not impose any additional

requirement merely by providing a damage remedy for conduct that would otherwise violate federal law. . . .").[3]  Because Plaintiffs' claims support and are in harmony with the federal scheme, there is no conflict and they are not preempted.

Defendant must overcome a strong presumption against preemption.  *See, e.g.*, *Wyeth v. Levine*, 129 S. Ct. 1187, 1195 (2009); *New York State Rest. Ass'n v. New York City Bd. of Health*, 556 F.3d 114, 123 (2d Cir. 2009) ("The presumption against preemption is heightened" where federal law interferes with state action in areas of traditional state regulation).  The Court "start[s] with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth*, 555 U.S. at 565; *see also Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 473 (S.D.N.Y. 2014); *Sussman*, 2013 WL 842598, at *3.  Indeed, "Congress has explicitly stated that it does not intend to occupy the field of food and beverage nutritional labeling."[4]  *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1032 (N.D. Cal. 2009); *see also Parker v. J.M. Smucker Co.*, No. 13-0690, 2013 WL 4516156, at *4-5 (N.D. Cal. Aug. 23, 2013); *Ackerman,* 2010 WL 2925955, at *6; *Ault v. J.M. Smucker Co.*, No. 13-3409, 2014 WL 1998235, at *2 (S.D.N.Y. May 15, 2014) ("there is no indication that Congress intended the FDA to occupy the entire field of food labeling.").

---

[3] Defendant's reliance on *Perez v. Nidek Co.*, 711 F.3d 1109 (9th Cir. 2013), is misplaced.  That case considered Medical Device Amendments to the FDCA not implicated here, *see* 711 F.3d at 1117, and courts "routinely reject" arguments relying on *Perez* that "claims pursuant to the UCL, CLRA, and FAL are preempted by the FDCA -- even where state law imposes identical requirements as the FDCA." *Vassigh v. Bai Brands LLC*, No. 14-05127, 2015 WL 4238886, at *4 (N.D. Cal. July 13, 2015).

[4] The FDA appears to support this approach:  "[T]he only State requirements that are subject to preemption are those that are affirmatively different from the Federal requirements . . ."  *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586, 2013 WL 1320468, at *7 (N.D. Cal. Apr. 1, 2013) (quoting Final Rule, 60 Fed.Reg. 57076, 57120 (Nov. 13, 1995)).

**A.** **Plaintiffs' Claims Mirror FDA Regulations
And The FDA's Finding That Kind's "Healthy" Claim Is Deceptive**

Plaintiffs allege that KIND's "healthy" representation is false because the bars contain unhealthy amounts of saturated fat. Consolidated Amended Complaint ("CAC") (Dkt. No. 52), ¶ 54. This allegation mirrors the FDA's regulations and its finding that KIND bars are deceptively labeled. FDA regulations provide that "healthy" may be used as an implied nutrient content claim if the food, among other things, has "low statured fat," which "includes a saturated fat content of 1g or less."[5] In enforcing those regulations, the FDA found that some of KIND's products were labeled "healthy" despite containing between 2.5 and 5g of saturated fat per 40g of the food.[6] In other words, the products are labeled "healthy" even though they do not meet the requirements to bear that term.

Numerous courts have held that state law consumer protection claims based on labels that are deceptive and that violate FDA regulations are not preempted. In *Koenig*, 995 F. Supp. 2d at 276, for example, the plaintiffs alleged that the defendants deceptively labeled certain milk products as "fat free," when they in fact contained 1g of fat per serving. The plaintiffs' claims mirrored federal regulations that prohibit the inclusion of "fat free" on the label of a product that contains 1g of fat per serving. *See id.* at 279. Finding that the plaintiffs' claims were not preempted, the court held:

> Plaintiffs' claims are not preempted irrespective of which regulations apply to the products at issue. . . . Plaintiffs' claims explicitly track the requirements imposed by federal law for fat content claims. Plaintiffs merely seek damages from Defendants under state law for their alleged failure to comply with the labeling requirements of 21 C.F.R. § 101.62(b).

---

[5] *See* FOOD AND DRUG ADMINISTRATION: MARCH 17, 2015 KIND, LLC WARNING LETTER, *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm440942.htm (March 24, 2016).

[6] *See id.*

*Id.* at 284; *see also Reynolds v. Wal-Mart*, No. 14-381, 2015 WL 1879615, at *10 (N.D. Fla. Apr. 23, 2015) ("Apart from direct enforcement, a state may indirectly enforce the federal law through a parallel state law claim."). As stated in *Koenig*, "state law causes of action are not preempted where they merely provide a damages remedy for claims premised on a violation of federal law that does not itself provide a private right of action." *Koenig*, 995 F. Supp. 2d at 283; *see also CytoSport v. Vital Pharms.*, No. 08-02632, 2012 WL 3881599, at *6-7 (E.D. Cal. Sept. 6, 2012) (same premise).

The reasoning in *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, is also instructive. There, the plaintiffs' state law claims were premised on several allegedly misleading statements related to the defendant's labeling of its "vitaminwater" products. *Id.* at *5. Plaintiffs challenged the defendant's "healthy" labeling claims concerning its products, alleging that such products did not meet minimum FDCA nutritional thresholds to use the word "healthy." *Id.* at *5, 9. The court concluded that the plaintiffs' claims "are not preempted by the FDCA because they seek to impose requirements on the defendants that are identical to those imposed by the FDCA." *Id.* at *13. The court observed that claims "premised on conduct that is violative of federal regulations" "do not raise implied conflict preemption concerns." *Id.*

As the Court succinctly summarized in *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 573 (N.D. Cal. 2013):

> At its core, defendant's motion asks whether the FDCA preempts a California citizen from bringing suit to enforce the state's food labeling requirements, which are identical to the federal requirements. Courts in this district have repeatedly refused to find preemption where "a requirement imposed by state law effectively parallels or mirrors the relevant sections of the [FDCA]."

(Internal citations omitted; collecting cases and rejecting cases cited by Defendant).[7]

---

[7] The main case upon which Defendant relies, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001), is inapposite and roundly rejected as applicable in the food and cosmetic labeling context. There,

Moreover, KIND is wrong when it contends that a claim derivative of an FDA finding or regulation is preempted. To the contrary, it is well-settled that "state laws that parallel the FDCA's requirements are not preempted." *Ackerman*, 2010 WL 2925955, at *5; *see also, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586, 2013 WL 1320468, at *9 (N.D. Cal. Apr. 1, 2013) (plaintiffs' state law claim that defendants' "0 Grams Tran Fat" labels violated 21 CFR § 101.12(h)(1) was not preempted because it was "based on the theory that by not complying with the relevant federal laws and regulations, Defendants' labels mislead and deceive consumers").[8]

As the court in *Brown v. Hain Celestial Group, Inc.*, No. 11-03082, 2012 WL 3138013 (N.D. Cal. Aug. 1, 2012), held in the context of organic labels, adopting Defendant's position "would mean that a consumer would have no protection against deceptive or fraudulent labeling based on the use of the term 'organic.' And the court can envision scenarios where, in the

---

the Supreme Court "reaffirmed the longstanding principle that a private plaintiff cannot bring suit for a fraud upon the FDA." *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 701 F. Supp. 2d 356, 369 (E.D.N.Y. 2010). Specifically, "the misrepresentation at issue in *Buckman* was not made to the plaintiff -- or consumers at large -- but to the FDA itself. The Supreme Court held that "'plaintiffs' state-law fraud-on-the-FDA claims conflict with, and are therefore impliedly pre-empted by, federal law'." *Id.* (quoting *Buckman*, 531 U.S. at 348). No such concerns exist here. The Supreme Court cases of *Wyeth v. Levine*, 129 S. Ct. 1187, 1195 (2009); *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005); and *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 330 (2008), all of which post-date *Buckman*, control the preemption analysis and support the proposition that there is no preemption. *See also Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1081-85 (N.D. Cal. 2013) (finding *Buckman* inapplicable to state-law false and misleading claims based on food labels).

[8] Defendant relies on *Loreto v. Procter & Gamble Co.*, 515 F. App'x 576, 2013 WL 645952, at *2 (6th Cir. 2013) (unpublished), but that case is inapposite in one respect and supports Plaintiffs' position in another. In *Loreto*, the court found that where the plaintiffs' theory relies on traditional state tort law, as is the case here, it is not preempted. *Id.* The only claim deemed preempted in *Loreto* was one in which plaintiffs failed to allege a violation of state law. Here, all of Plaintiffs' claims are premised on a violation of state law. *See Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1119 (N.D. Cal. 2013) (distinguishing *Loreto* on similar grounds); *Bruton*, 961 F. Supp. 2d 1062, 1084 (same).

absence of clear congressional intent to do this, the results would be absurd." *Id.* at *9.[9]  The

same absurd result would occur as to KIND's "Healthy" claims.

### III.     Plaintiffs' "Natural" Claims
### Should Not Be Stayed Under The Primary Jurisdiction Doctrine

KIND further attempts to evade liability for its admittedly falsely labeled products by

arguing that Plaintiffs' "natural" claims should be stayed under the primary jurisdiction doctrine.

Def's. Mem. at 3, 10.  Even if the Court agreed, KIND does not request, and there would be no

basis for, staying Plaintiffs' claims based on KIND's false "healthy" and "non-GMO" labels.

However, as demonstrated below, there is no justification for applying the doctrine even to

Plaintiffs' "natural" claims.

Primary jurisdiction gives a federal court discretion to refer a matter falling within the

administrative discretion of an administrative agency with specialized competence or experience.

*See National Commc'ns Ass'n, Inc. v. American Tel. & Tel. Co.*, 46 F.3d 220, 222 (2d Cir. 1995).

The doctrine of primary jurisdiction is a discretionary, prudential doctrine and does not bar any

claims.  *See Lockwood v. ConAgra Foods, Inc.*, 597 F. Supp. 2d 1028, 1031 (N.D. Cal. 2009).

The Second Circuit has cautioned that the doctrine has a "relatively narrow scope," and does not

apply when the claim involves matters within the "traditional realm of judicial competence."

---

[9] *Verzani v. Costco Wholesale Corp.*, No. 09-2117, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010), another case cited by Defendant, is inapposite.  That court held that the "allegation that the label is deceptive" was "insufficient to sustain a claim under G.B.L. § 349."  Here, by contrast, Plaintiffs sufficiently allege deception.  Finally, Defendant cites *Fraker v. KFC Corp.*, No. 06-01284, 2007 WL 1296571, at *4 (S.D. Cal. Apr. 30, 2007), a case roundly rejected by other district courts within the Ninth Circuit that is arguably no longer good law.  *See Kanfer v. Pharmacare US, Inc.*, No. 15-0120, 2015 WL 6742201, at *7 (S.D. Cal. Nov. 4, 2015) (finding no preemption; holding the "year after *Fraker*, however, the California Supreme Court held that § 337(a) does not preempt consumer food-labeling claims brought under the Sherman Law." (citing *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1089–96, 72 Cal.Rptr.3d 112, 175 P.3d 1170 (2008))); *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1034 (N.D. Cal. 2009) (rejecting *Fraker's* reasoning as unpersuasive); *Hansen Bev. Co. v. Innovation Ventures, LLC*, No. 08-1166, 2009 WL 6597891, at *13 (S.D. Cal. Dec. 23, 2009) (rejecting *Fraker*, citing *Jackson v. Balanced Health Prods.*, No. 08-05584, 2009 WL 1625944 (N.D. Cal. June 10, 2009) (distinguishing *Fraker* on the ground that the plaintiff in *Fraker* brought claims directly based on the FDCA)).

*Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 851 (2d Cir.1988).  Courts within this

Circuit generally focus on the following factors:

> (1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made.

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 476 F. Supp. 2d 275, 279 (S.D.N.Y. 2007).

KIND's request that this Court yield to the primary jurisdiction of the FDA should be denied

based on application of these factors here.

**A.      Whether KIND's Bars Are Deceptively Labeled**
**        Is Within The Conventional Experience of Judges**

Primary jurisdiction does not apply when "the issue at stake is legal in nature and lies

within the traditional realm of judicial competence."  *Goya Foods*, 846 F.2d at 851 (citing *Nader*

*v. Allegheny Airlines*, 426 U.S. 290, 304 (1976); *General Elec. Co. v. MV NEDLLOYD*, 817 F.2d

1022, 1026 (2d Cir.1987)).  Rather, "every day courts decide whether conduct is misleading."

*See Lockwood*, 597 F. Supp. 2d 1035.[10]

Plaintiff's claims are simple, compelling, and well within the traditional expertise of the

judiciary.  Indeed, New York courts have been adjudicating claims relating to deceptive labels

---

[10] *See also Ackerman,* 2010 WL 2925955, at *14 ("the question whether defendants have violated FDA regulations and marketed a product that could mislead a reasonable consumer is one courts are well-equipped to handle, and is not an appropriate basis for invoking the primary jurisdiction doctrine"); *Goldemberg*, 8 F. Supp. 3d at 476-77 (where the main issue raised by plaintiff is "whether the use of the term "Active Naturals: is deceptive or misleading, a question which courts are 'eminently well suited' to entertain.'"); *Jovel v. i-Health, Inc.*, No. 12-5614, 2013 WL 5437065, at *7 (E.D.N.Y. Sept. 27, 2013) (declining to apply primary jurisdiction where court found competent to evaluate deceptive advertisements); *Karhu v. Vital Pharm., Inc.*, No. 13-60768, 2013 WL 4047016, at *5 (S.D. Fla. Aug. 9, 2013) (determination of whether manufacturer's labeling mislead consumers was "squarely within the judicial function and did not require the expertise of the FDA or FTC.").

under consumer protection laws for decades. Yet Defendant contends that courts are not well equipped to address "natural" litigation, and the FDA is best equipped to address this question. But the FDA certainly has no greater expertise than this Court when it comes to determining deceptiveness under consumer protection laws. Nor does it possess any special expertise when it comes to labels that contain a "natural" representation; to the contrary, the FDA has only recently asked for comments regarding whether it should gain that expertise and promulgate regulations accordingly.

Not surprisingly, courts in this Circuit and elsewhere routinely find that primary jurisdiction is not applicable, and that they are capable of determining whether natural labels are misleading or deceptive. *See, e.g.*, *Langan v. Johnson & Johnson Consumer Cos.*, 95 F. Supp. 3d 284, 292 (D. Conn. 2015) (court could decide whether conduct was misleading where the only dispute was whether the terms "natural protection" and "100% naturally sourced sunscreen ingredients" conveyed a "truthful and non-deceptive" message); *Ault v. J.M. Smucker Co.*, No. 13-3409, 2014 WL 1998235, at *5 (S.D.N.Y. May 15, 2014) ("The issue is whether the use of the phrase 'All Natural' was likely to mislead a reasonable consumer acting reasonably under the circumstances.").[11]

Like the other countless false labeling cases that have been adjudicated by the courts, this case is "far less about science than it is about whether a label is misleading." *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 898 (N.D. Cal. 2012). The issues at stake are undoubtedly legal in nature, and routinely handled by district courts. Plaintiffs' claims require that the court

---

[11] *See also Segedie v. Hain Celestial Grp., Inc.*, No. 14-5029, 2015 WL 2168374, at *13 (S.D.N.Y. May 7, 2015) (primary jurisdiction did not bar organic claims where the "core issue" was "whether the label violates OFPA regulations and whether those violations reasonably mislead consumers"); *Ackerman*, 2010 WL 2925955, at *14 (E.D.N.Y. July 21, 2010) ("The question whether defendants have violated FDA regulations and marketed a product that could mislead a reasonable consumer is one courts are well-equipped to handle, and is not an appropriate basis for invoking the primary jurisdiction doctrine.").

determine whether KIND's use of "Natural" was likely to mislead a reasonable consumer acting reasonably under the circumstances. Plaintiffs' "Natural" claims of deceptive labeling and marketing "do not require the expertise of the FDA" or "present any issues involving intricate interpretations or applications" that require agency expertise. *Jones*, 912 F. Supp. 2d at 898.

**B.    There Is No Substantial Danger Of Inconsistent Rulings**

KIND contends that "allowing individual courts to make judicial determinations as to the appropriate definition of 'natural' on food labels" is inappropriate. Def.'s Mem. 14-15. But there is no need for this Court or any other to make a finding as to what the term "natural" means in the context of any and all food labels. To the contrary, Plaintiffs merely allege that it is deceptive to label KIND bars as "natural" because they contain synthetic ingredients. The finder of fact need only find that a reasonable consumer in similar circumstances would be deceived by the "natural" representation in this specific instance; no overarching rule will be established. A potential new definition of "natural" by the FDA would not conclusively resolve this issue. *See In re Frito-Lay,* 2013 WL 4647512, at *8 (finding it unclear whether FDA defining a term "would shed any further light on whether a reasonable consumer is deceived by the 'All Natural' food label when it contains bioengineered ingredients.").

**C.    Prior Application To The Agency Has Not Been Made**

Defendant contends that the FDA's prior policy statements must yield to the FDA's November 2015 request for comments. Defendant's belief that "any court decision that pre-dates the November 12, 2015 request for comments and that declines to apply the primary jurisdiction doctrine to the 'natural' claims is not a reliable statement of the law" is misplaced. Def.'s Mem. at 15. First, this fourth factor "is not dispositive." *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-2484, 2015 WL 2344134, at *11 (E.D.N.Y. May 14, 2015) (primary jurisdiction inapplicable

even where the factor regarding application to an agency weighed in favor of application); *see also Segedie*, 2015 WL 2168374, at *13 (one favorable factor "does not outweigh the other three factors, which counsel against deferring to the FDA"); *Goldemberg*, 8 F. Supp. 3d at 478 (specifically stating that "as most factors weigh against applying the doctrine of primary jurisdiction, the [c]ourt declines to dismiss the instant case on that basis.").

Second, Defendant is factually wrong. On November 10, 2015, the FDA stated it would take public comments on whether the FDA should become involved in governing the term "natural" when used on food products.[12] Defendant believes this request for comment somehow will aid its defense in this litigation. The facts, however, belie Defendant's assertion. The FDA has asked for public comments due, in part, to a petition by Consumer Reports for a ban on use of the term "natural" by food companies because of the consumer deception and confusion the use of the term creates.[13] On November 10, 2015, the FDA asked for public comments on specific questions, including the following:

- Whether it is appropriate to define the term "natural,"
- If so, how the agency should define "natural," and
- How the agency should determine appropriate use of the term on food labels.

The window for comment supposedly closes on May 10, 2016, after having been extended by three months from February 10, 2016. These questions make it clear that it is far from certain

---

[12] *See* U.S. FOOD AND DRUG ADMINISTRATION: FDA REQUESTS COMMENTS ON USE OF THE TERM NATURAL ON FOOD LABELING (2015), *available at* http://www.fda.gov/Food/NewsEvents/ConstituentUpdates/ucm471919.htm (March 15, 2016).

[13] *See* "End the Confusion over the Term 'Natural' on Food Labels: Consumer Reports calls for a Ban on this Misleading Word," CONSUMER REPORTS (July 4, 2014) ("Due to overwhelming and ongoing consumer confusion around the natural food label, we are launching a new campaign to kill the natural label because our poll underscores that it is misleading, confusing, and deceptive").

the FDA will either act to regulate the term "natural" or act in a way that benefits Defendant, if it does act,[14] and that this litigation is unlikely to conclude before the FDA makes its decision.

Moreover, it also should be noted that the CAC is primarily for past damages prior to the date the FDA starting seeking comment. Accordingly, what the FDA does in the future, if it does anything, regarding the term "natural" is only relevant as to potentially closing the class period, and is immaterial and irrelevant to the damages already incurred. As such, Defendant's Motion based on the primary jurisdiction doctrine, which rests on Defendant's speculation that the FDA may define the term "natural" so that it would benefit Defendant, should be denied.

### D.  *Astiana* Does Not Support Staying Plaintiffs' Claims Here, Which Would Needlessly Delay Resolution Of, And Prejudice, Plaintiffs' Remaining Claims

KIND relies heavily on the Ninth Circuit's decision in *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015). After rejecting the same preemption arguments advanced by KIND here, the Ninth Circuit reversed the district court's decision dismissing plaintiffs' "natural" claims under the doctrine of primary jurisdiction. *Id.* at 756.[15] The *Astiana* plaintiffs did not advance any claims other than that defendant's cosmetics were falsely labeled "natural," presenting a critical difference that does not allow the same decision to be reached here. *Id.*[16]

---

[14] Indeed, the FDA asked for comments in the early 1990s and ultimately decided not to become involved.

[15] KIND's reliance on the Ninth Circuit's unpublished decision in *Kane v. Chobani*, — Fed. App'x —, 2016 WL 1161782 (9th Cir. Mar. 24, 2016), is similarly misplaced. That decision turned not only on the FDA's request for comment regarding use of the term "natural," but also on the agency's statement that "it expects to issue final guidance on the term 'evaporated cane juice' by the end of 2016." *Id.*, 2016 WL 1161782, at *1. This litigation does not involve use of the term "evaporated cane juice," but KIND's use of the terms "healthy" and "non-GMO," neither of which is subject to any FDA action whatsoever. Moreover, even that court held "[i]f future events render the FDA's apparently imminent resolution of the 'evaporated cane juice' and 'natural' issues illusory, such events should inform the district court's exercise of its discretion." *Id.*, 2016 WL 1161782, at *2 n.1.

[16] Moreover, on remand, the *Astiana* district court did not stay the case based on primary jurisdiction, but instead issued a stay based on the pendency of two related cases pending before the Ninth Circuit. As no related cases are pending before the Second Circuit, the reasons that a stay was granted in *Astiana* do not apply here.

The *Astiana* court recognized "[n]ot every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction," and that "primary jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id.* at 760-61. "[C]ourts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims." *Id.* at 760. Here, there can be no doubt that staying Plaintiffs' "natural" claims would "needlessly delay" their remaining claims, and that the Court is entirely competent to rule upon all of Plaintiffs' claims. Courts in this District likewise recognize that, when evaluating the applicability of primary jurisdiction, courts must consider the "fair administration of justice" by balancing the advantages of applying the doctrine against the potential costs associated with "complications and delay in the proceedings." *See U.S. ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 340, 351 (S.D.N.Y. 2004).

Though the FDA has sought comments regarding the term "natural," no formal rule or policy has yet been promulgated, nor will one be promulgated *anytime* in the near future. Indeed, the agency previously declined to take any action when three district courts referred the issue of "natural" labeling to the FDA under the primary jurisdiction doctrine in 2015. *See Astiana*, 783 F.3d at 761. Defendant ignores that actual "[a]gency decision-making often takes a long time" and the subsequent delay "imposes enormous costs on individuals, society and the legal system." *National Commc'ns Ass'n, Inc. v. American Tel. & Tel. Co.*, 46 F.3d 220, 225 (2d Cir. 1995). In *Frito-Lay North America, Inc., All Natural Litigation*, for example, the court rejected the defendant's primary jurisdiction argument, noting the FDA was unlikely to respond to the court's application in a reasonable time. It evaluated the likelihood of the agency defining the term "natural" and the likelihood that the agency would open a notice and comment period. The court concluded that primary jurisdiction did not apply and that a "deliberative, open, and

considered process would likely be undertaken . . . ." 2013 WL 4647512, at *9. It also noted

that the agency's process has previously taken up to nine years to complete. *See id.* For

example, the FDA took nine years to publish a final rule defining "gluten free."[17] The same

concerns apply here.

Here, a stay of Plaintiffs' "natural" claims would "unfairly disadvantage" Plaintiffs and

needlessly frustrate resolution of their remaining claims. *Astiana*, 783 F.3d at 762. If the FDA

takes action that touches upon the "natural" aspect of Plaintiffs' claims prior to trial, the Court

can issue any ruling that might be appropriate at that time, but KIND does not argue, and there is

no indication that, any FDA action will speak to Plaintiffs' remaining claims. Meanwhile, this

Court is well equipped to adjudicate this case. There is no justification for staying discovery or

any other aspect of this case; the discovery Plaintiffs will seek is largely similar with respect to

all their claims, and will be necessary regardless of any action the FDA may or may not take.

## IV.    KIND's "Healthy," "Natural," And "Non-GMO" Claims Are Deceptive And Violate Consumer Protection Laws

Plaintiffs bring statutory claims under the CLRA, UCL, FAL, GBL § 349, FDUTPA,

ICFA, and related common law claims. Each statute forbids the use of deceptive representations

on consumer labels, and deceptiveness under each of these statutes is measured by the reasonable

consumer standard.[18] In order to satisfy the requirements under these consumer protection

statutes, Plaintiffs must demonstrate that they were deceived by KIND's conduct. *See Quinn v.*

---

[17] *See* Dennis, Brady, "Nine years after Congress's request, FDA defines gluten-free," THE WASHINGTON POST, Aug. 2, 2013, https://www.washingtonpost.com/national/health-science/9-years-after-congresss-request-fda-defines-gluten-free/2013/08/01/cfeb2c08-faef-11e2-a369-d1954abcb7e3_story.html (April 5, 2016).

[18] *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (CLRA, UCL, FAL); *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1331 (S.D. Fla. 2013) (FDUTPA and ICFA); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (N.Y. 1995) (GBL § 349).

*Walgreen Co.*, 958 F. Supp. 2d 533, 543 (S.D.N.Y. 2013).[19]  Courts have adopted an objective standard to determine whether acts or practices are materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances.  *See, e.g.*, *Goldemberg*, 8 F. Supp. 3d at 478.  Whether a particular act or practice is deceptive is intensely factual, and therefore, motions to dismiss are disfavored.  *See*, *e.g.*, *Goldemberg*, 8 F. Supp. 3d. at 478 (collecting cases); *Ham v. Hain Celestial Gp.*, 70 F.3d 1188, 1193 (N.D. Cal. 2014) ("Whether a reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss."); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008) (reversing dismissal of class action against fruit juice manufacturer for misleadingly representing products as "fruit juice" with "all natural ingredients").

Plaintiffs' claims for deception are simple and compelling.  The label on every KIND bar that is the subject of this litigation contains three prominent and uniform representations: that the bar is "All Natural," "Non-GMO," and "Healthy."  Plaintiffs allege that these representations and warranties are false because KIND bars contain unhealthy amounts of fats, contain synthetic and unnatural ingredients such as such as soy lecithin and glucose syrup, and contain ingredients that are derived from GMOs.  Plaintiffs' allegations of deception are rendered plausible by fine print on KIND's products themselves, which demonstrate that they contain synthetic ingredients; by

---

[19] *See also Williams*, 552 F.3d 934 (9th Cir. 2008) (consumers alleged sufficient facts under UCL and CLRA that reasonable consumer would have been deceived); *Aliano v. Louisville Distilling Co.*, 115 F. Supp. 3d 921, 930 (N.D. Ill. 2015) (deception under ICFA requires showing of likelihood of deception or capacity to deceive, and court found that plaintiff sufficiently plead deceptive practice element); *Sundance Apartments I, Inc. v. Gen. Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008) (FDUTPA requires deceptive act or unfair practice and such deception occurs by representation, omission or practice likely to mislead reasonable consumer in the circumstances; court found deceptive element alleged).

independent tests that demonstrate the bars contain GMO ingredients; and by the FDA, which independently concluded that KIND's healthy claims are deceptive.

A.     __KIND's "All Natural" Representation Is Deceptive__

Plaintiffs plausibly allege that KIND's prominent representation that its bars are "All Natural" is false and deceptive.  They allege that each KIND bar contains the same uniform representation that it is "All Natural."  Plaintiffs also allege that this "All Natural" representation is false and deceptive because each KIND bar contains synthetic and unnatural ingredients, including GMOs.  CAC ¶ 13.  Plaintiffs also allege that they were injured because KIND can, and does, charge a price premium attributable to the false "All Natural" representation, and because Plaintiffs would not have purchased KIND bars but for that misrepresentation.  As such, their claims related to the "All Natural" deception are plausible and should not be dismissed.

Decisions denying motions to dismiss "All Natural" false labeling claims based on the inclusion of synthetic and unnatural ingredients are legion.  *See, e.g.*, *Goldemberg*, 8 F. Supp. 3d at 480 ("[T]he Court cannot hold as a matter of law that the product labels [Active Naturals] are not misleading to a reasonable consumer."); *Ault*, 2014 WL 1998235, at *6 ("[I]t is not unreasonable, as a matter of law, for a consumer to believe that non-organic foods labeled as 'All Natural' do not possess GMOs.  In fact, the FDA has not developed a definition for the term 'natural' because of the 'complexities' of the factual inquiries involved.  Ultimately, the question is one of reasonability, which cannot be resolved on Defendant's motion to dismiss." (internal citations omitted)); *Frito-Lay*, 2013 WL 4647512, at *15 ("[T]he question whether a reasonable consumer would likely be deceived by the designation 'All Natural' is a factual dispute." (collecting cases)).[20]

---

[20] *See also*, *e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586, 2013 WL 1320468, at *13 (N.D. Cal. Apr. 1, 2013) ("[T]he Court finds that Plaintiffs have adequately pled that a reasonable consumer could

Independently, the fact that KIND bars contain GMO ingredients renders the "All Natural" claim false and precludes dismissal. *See In re Frito-Lay N. Am., Inc.* 2013 WL 4647512 at *13 (defendant argued that "no reasonable consumer would believe that a product labeled 'All Natural' is GMO-free," and the court found that what a reasonable consumer would believe raises a factual dispute that cannot be properly resolved on a motion to dismiss)

Defendant goes to great lengths to decry Plaintiffs' "definition" of "natural" and "healthy." But in doing so, Defendant argues against a scarecrow. Plaintiffs are not contending that there is a universally understood definition of those terms which Defendant violates; rather, Plaintiffs merely contend that, in the context of the KIND bar labels, it is deceptive to represent that a snack bar filled with synthetic ingredients and GMOs is "All Natural."

Nor is KIND's argument persuasive that the FDA's "prior reluctance to establish standards for 'natural' labeling" means that "'natural' labeling is inherently subjective." Def.'s Mem. at 24. Despite the FDA's previous decision to not define "natural," the agency has a longstanding policy regarding the term, proving that there is in fact a reference point based on established case law and FDA guidance at this time.[21]

---

interpret a bag of chips claiming to have been 'Made with ALL NATURAL Ingredients' to consist exclusively of natural ingredients, contrary to the reality described in the nutrition box." (citing *Williams*)); *Kosta v. Del Monte Corp.*, No. 12-01722, 2013 WL 2147413, at *12 (N.D. Cal. May 15, 2013) (holding it plausible that a reasonable consumer would rely on "'front of the package' labeling claims like 'fresh,' 'all natural,' . . . Indeed, it is plausible that such a consumer would pay a premium for products based on such appearances and representations."); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1080 (E.D. Cal. 2010) (denying motion to dismiss on facts similar to *Williams*).

[21] "Although the FDA has not engaged in rulemaking to establish a formal definition for the term 'natural,' we do have a longstanding policy concerning the use of 'natural' in human food labeling. The FDA has considered the term 'natural' to mean that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in that food." *See* U.S. FOOD AND DRUG ADMINISTRATION: FDA REQUESTS COMMENTS ON USE OF THE TERM NATURAL ON FOOD LABELING (2015), *available at* http://www.fda.gov/Food/NewsEvents/ConstituentUpdates/ucm471919.htm (last visited April 5, 2016).

Defendant is no more persuasive when it contends that that Plaintiffs fail to plead the "All Natural" definition is not material. Plaintiffs allege that consumers "seek out and covet food products that are natural and healthy and look for labels that convey these qualities in the foods they choose to purchase." CAC ¶ 20. Not surprisingly, numerous courts have rejected the claim that an "All Natural" representation is not material. *See infra.* Plaintiffs' complaint cannot be dismissed on these grounds.[22]

## B.      KIND's "Non-GMO" Representation Is Deceptive

Plaintiffs allege that each KIND bar is prominently labeled "Non-GMO." CAC ¶ 36. Plaintiffs also allege that KIND bars do, in fact, contain ingredients derived from GMOs, and that Plaintiffs performed independent tests demonstrating the bars contain GMOs. CAC ¶ 38. In fact, *every bar Plaintiffs tested came back positive for GMOs.* Plaintiffs' claims are also plausible in light of the facts that the bars contain corn ingredients, and 89% of the corn in America is derived from genetically modified ingredients. CAC ¶ 49.

Tellingly, KIND does not contest the fact that its bars contain GMOs. Instead, KIND contends that GMO sources do not present meaningful health risks. Def.'s Mem. at 22-23. Defendant's argument is misplaced, and goes far outside the four corners of the complaint.[23]

---

[22] KIND relies on *Pelayo v. Nestle USA, Inc.*, No. 13-5213, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013), in its attempt to show that Plaintiffs' "natural" claims are implausible. The Ninth Circuit recently rejected *Pelayo*'s reasoning in *Balser v. Hain Celestial Group*, --- Fed. App'x ---, 2016 WL 696507 (9th Cir. Feb. 22, 2016). Other courts have recognized that "no subsequent court has adopted *Pelayo*'s position, and two cases have affirmatively rejected it." *Garcia*, 43 F. Supp. 3d at 1384-85; *see also Jou v. Kimberly-Clark Corp.*, No. 13-03075, 2013 WL 6491158, at *8 (N.D. Cal. Dec. 10, 2013) (declining to follow *Pelayo* because that court concluded, without explanation, that it was implausible that consumers would be deceived by the term, given that it can be used in several contexts); *Rojas v. General Mills, Inc.*, No. 12-05099, 2014 WL 1248017, at *6 (N.D. Cal. Mar. 26, 2014) (holding that defendant's reliance on *Pelayo* was unpersuasive).

[23] While KIND's argument is premised on guidance provided on November 19, 2015, and predates case law cited by Plaintiffs, the FDA's prior positions still render Defendant's conclusion wrong. For example, in 2001, the FDA issued guidance regarding foods produced using bioengineering methods. The agency reaffirmed "its decision to not require special labeling of all bioengineered foods." *In re*

KIND advertises its products as "Non-GMO" because it knows this will increase sales,

regardless of the presence or absence of established health risks associated with GMOs.  Indeed,

several courts have held that the presence of GMOs renders plausible a claim that an "all natural"

label is deceptive.  *See, e.g.*, *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1368 (S.D. Fla. 2014)

(complaint stated claims under FDUTPA, UCL, FAL, and CLRA where the plaintiff alleged that

"all natural" products at issue include GMO and/or synthetic ingredients); *Ault*, 2014 WL

1998235, at *1 (complaint stated claims under NY GBL §§ 349 and 350 for consumer protection

claims where source of product "is or might be GMO"); *Rojas*, 2014 WL 1248017, at *1

(denying motion to dismiss where defendant's representation "could be easily interpreted by

consumers as a claim that all ingredients in the products are natural, which appears to be false

because they allegedly contain GMO and other synthetic ingredients"); *In re Frito-Lay*, 2013

WL 4647512, at *13 (motion to dismiss denied where reasonable consumer inquiry was whether

any "reasonable consumer would believe that a product labeled 'All Natural' is GMO-free").

Additionally, KIND states that Plaintiffs' GMO-related pleadings lack detail regarding

the levels and amounts of GMOs in KIND's products.  Not so.  The CAC alleges approximate

percentages of certain crops grown within the United States that are GMO.  CAC ¶49.  Courts

have found such allegations sufficient.  *See, e.g.*, *Ault*, 2014 WL 1998235, at *5 ("While Plaintiff

is not certain Crisco Oil contains GMOs, the factual allegations -- taken as a whole -- are more

than sufficient 'to raise a right to relief above the speculative level'.").  Plaintiffs' claims provide

"more than a sheer possibility" that KIND's products contain GMO ingredients.  *See, e.g.*,

*Parker v. J.M. Smucker Co.*, No. 13-0690, 2013 WL 4516156, at *2 (N.D. Cal. Aug. 23, 2013)

---

*Frito-Lay N. Am., Inc*., No. 12-MD-2413, 2013 WL 4647512, at *7 (E.D.N.Y. Aug. 29, 2013) (quoting U.S. FOOD & DRUG ADMIN., GUIDANCE FOR INDUSTRY VOLUNTARY LABELING INDICATING WHETHER FOODS HAVE OR HAVE NOT BEEN DEVELOPED USING BIOENGINEERING, DRAFT GUIDANCE, released Jan. 2001).

(denying motion to dismiss claims alleging that "all natural" labels were false because products

contained GMOs). Plaintiffs' allegations, taken collectively, present sufficient detail to

demonstrate that it is *highly likely* -- not just plausible -- that Defendant's products contain GMO

ingredients. CAC ¶¶ 49-50. Bolstering this plausibility, Plaintiffs also allege (1) that KIND's

"natural" products are labeled "Non GMO" even though they "contain ingredients that are

synthetic, chemically synthesized, highly processed, and/or contain GMOs," CAC ¶ 38; (2) that

"[t]he presence of genetically modified ingredients in the Products renders Defendant's

descriptors of 'all natural' and 'non-GMO' false and misleading under an objective reasonable

consumer standard," CAC ¶ 42; and (3) that they purchased KIND's products based on the

representations that they were "all natural," CAC ¶ 9-12.[24] Defendant's attempt to discredit

Plaintiffs' GMO claims fails.

## C.     KIND's "Healthy" Representation Is Deceptive

Finally, Plaintiffs plausibly allege that Defendant's uniform representation that its bars

are "healthy" is deceptive. Plaintiffs allege that each KIND bar at issue in this litigation contains

this representation. CAC ¶¶ 51-53. Plaintiffs also allege that this representation is false and

deceptive because KIND bars contain an unhealthy amount of saturated fats. CAC ¶ 54. This

claim is rendered plausible because as a matter of objective fact (not to mention federal law),

3.5g of saturated fats (the minimum amount in each KIND bar) is unhealthy. CAC ¶ 54. This

---

[24] KIND also suggests that Plaintiffs do not have standing to bring such claims separately. "Article III
standing is satisfied for each named defendant as long as there is 'at least one named plaintiff who can
assert a claim directly against that defendant'." *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283,
291 (S.D.N.Y. 2015) (quoting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d
145, 159 (2d Cir. 2012)); *see also Frito-Lay N. Am., Inc.*, 2013 WL 4647512, at *11 (stating likewise).
Plaintiffs' do in fact have standing to bring GMO related claims based on the same facts set forth above.
Specifically, Plaintiffs currently have "Article III standing to bring [their] claims against Defendant
because [they] allege to have purchased several of the . . . products . . . 'in reliance on Defendant's
representations that the Products are 'All Natural' and to have suffered injury as a result." *Ault*, 2014 WL
1998235, at *7.

claim is also rendered plausible because the FDA supports it, as evident from its warning letter.[25] Plaintiffs also plausibly allege that this is a material misrepresentation because Defendant profited significantly from inducing consumers to buy KIND products instead of other nutrition bar options, and also that KIND is able to and does charge a price premium as a direct result of its claim to be "healthy." CAC ¶ 5.

These allegations render plausible Plaintiffs' claim that Defendant's "healthy" representations are deceptive. On this point, *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, is again instructive. There, the court examined each "allegedly misleading statement in light of its context on the label and in connection with the marketing of vitaminwater as a whole." The court could not conclude, as a matter of law, that a reasonable consumer could not be misled that "vitaminwater is a product that may help maintain healthy dietary practices and fail to appreciate that the product is not solely composed of vitamins and water." *Id.* at *15.

Making light of its deceptive actions, Defendant contends that Plaintiffs are alleging a mere technical violation regarding what can be labeled "healthy." Defendant misconstrues Plaintiffs' claim. Plaintiffs allege that KIND acts deceptively by claiming to offer a "healthy" snack when its bars contain unhealthy amounts of fats; that claim is rendered all the more plausible because the FDA agrees and because it has promulgated regulations forbidding the representations on KIND's labels precisely for the reason that such violative representations are deceptive. CAC ¶¶ 52-54. Plaintiffs have plausibly demonstrated deception. *See Lanovaz v. Twinings N. Am., Inc*., No. 12-02646, 2013 WL 675929, at *6 (N.D. Cal. Feb. 25, 2013) (denying motion to dismiss notwithstanding defendant's argument that plaintiff's claims were based on 'hyper technical' violation of FDA regulations and therefore implausible, because

---

[25] *See* FEDERAL DRUG ADMINISTRATION: KIND, LLC WARNING LETTER (March 17, 2015), *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/ucm440942.htm (Apr. 5, 2016).

where the plaintiff's claims were considered true for pleadings purposes, "plaintiff [met] the plausibility requirement").

KIND also contends that the "healthy and tasty" claim is not deceptive because it "is located on the back of the wrapper, along with the Nutrition Facts Panel" which discloses the exact amounts of total fat and saturated fat, among other things. Def.'s Mem. 19. But KIND presumes that a reasonable consumer knows exactly what amount of saturated fat is healthy, a presumption that is directly contrary to its argument that consumers are not aware of the minutiae of food regulations. *Id.* at 18-19. To the contrary, it is plausible that a reasonable consumer would view the "healthy" claim in conjunction with the ingredient list and, taking KIND at its word, would understand that the amounts of fats identified in the ingredient list were consistent with a snack that is healthy.

As the Ninth Circuit held in *Williams v. Gerber Products Co.*, ingredient lists cannot correct deception based on statements elsewhere on a products packaging:

> We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

552 F.3d 934, 939-40 (9th Cir. 2008); *see also Ackerman*, 2010 WL 2925955, at *15 ("The fact that the actual sugar content of vitaminwater was accurately stated in an FDA-mandated label on the product does not eliminate the possibility that reasonable consumers may be misled.").[26]

---

[26] KIND's misplace their reliance on *Hopper v. Banana Republic, LLC*, No. 07-8526, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008), to support the argument that Plaintiffs should not have been misled since packaging accurately discloses saturated fact. In *Hopper*, a negligent hiring matter, defendant alleged that one party both "failed to investigate a party's background" before hiring, *yet* was aware of the employee's "lack of ability, experience, deportment and maturity. . . when they hired him." *Id.* at 2. Such statements

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny
Defendant's Motion in its entirety.

Respectfully submitted,

Dated:  April 6, 2016

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By:       /s/ *Todd Garber*

Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Tel: (914) 298-3283
Fax: (914) 824-1561

Tina Wolfson
*twolfson@ahdootwolfson.com*
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

Daniel L. Warshaw
*dwarshaw@pswlaw.com*
Alexander R. Safyan
asafyan@pswlaw.com
Matthew A. Pearson
*mapearson@pswlaw.com*
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400

---

as plead in the complaint are clearly inconsistent, and do not lend support to KIND's argument that
Plaintiffs' should not have been mislead by packaging that accurately discloses saturated fat content.

Sherman Oaks, California 91403

Tel: (818) 788-8300
Fax: (818) 788-8104

*Co-Lead Counsel for Plaintiffs*
*and the putative class*