**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X  <u>ECF Case</u>

IN RE: KIND LLC "HEALTHY AND ALL : 
NATURAL" LITIGATION : 
: 
: Case No. 1:15-md-02645-WHP
: Case No. 1:15-mc-02645-WHP
: 
THIS DOCUMENT RELATES TO: : 
: **ANSWER TO AMENDED**
ALL ACTIONS : **CONSOLIDATED CLASS**
: **ACTION COMPLAINT FOR**
: **DAMAGES AND INJUNCTIVE**
: **RELIEF**
: 
: 

-------------------------------------------------------

Defendants KIND LLC and KIND Management, Inc. (collectively, "KIND"), by and through their counsel of record, hereby answer Plaintiffs' Amended Consolidated Class Action Complaint for Damages, dated October 31, 2016.

## I. INTRODUCTION

1.      KIND admits that plaintiffs purport to bring a class action lawsuit on behalf of individuals who purchased certain KIND snack foods listed in Paragraph 1 of the amended complaint (the "Products"), and KIND admits that it markets, advertises, and distributes snack foods, including certain products identified by plaintiffs, under the KIND brand name. KIND denies any and all allegations of wrongdoing, denies that at a class action is legally valid or appropriate, and denies that plaintiffs or any putative class members are entitled to damages, costs, fees, or other relief from KIND. Except as expressly admitted, KIND denies all remaining allegations in Paragraph 1.

2.      KIND admits that plaintiffs purport to quote a definition of "GM organisms" from the World Health Organization, which speaks for itself. KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of Paragraph 2, and on that basis denies them. KIND denies all remaining allegations in Paragraph 2.

3.      KIND denies the allegations in Paragraph 3.

4.      KIND admits that in the past, certain of the Products' labels included the statements "All Natural" and/or "non-GMO." KIND denies that the Products' labels currently include the statements "All Natural" and/or "non-GMO." KIND denies all remaining allegations in Paragraph 4.

5.      KIND denies the allegations in Paragraph 5.

6.      KIND admits that plaintiffs purport to bring claims individually and on behalf of all similarly situated consumers, but denies any and all allegations of wrongdoing, denies that it has violated any law(s), denies that at a class action is legally valid or appropriate, and denies that plaintiffs or any putative class member are entitled to damages, costs, fees, or other relief

from KIND. Except as expressly admitted, KIND denies all remaining allegations in Paragraph 6.

## II.      PARTIES

7.      KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies them.

8.      KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9.      KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10.      KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.      KIND admits that it is a Delaware limited liability company with its principal place of business in New York. KIND further admits that it is a manufacturer and seller of various snack food products identified in the amended complaint, and that it does business throughout the United States. KIND further admits that plaintiffs reference an inactive website (http://www.kindsnacks.com/about), the content of which speaks for itself. KIND lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis denies them.

## III.      JURISDICTION AND VENUE

12.      The allegations in Paragraph 12 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND admits that this case has been filed as a proposed nationwide class action, in which plaintiffs allege that it involves more than 1,000 class members and an amount in controversy in excess of $5,000,000. KIND admits that it is a citizen of the State of New York.

13.      The allegations in Paragraph 13 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND admits that it transacts

business within the State of New York.

14.     The allegations in Paragraph 14 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND admits the allegations in Paragraph 14.

## IV.     FACTUAL ALLEGATIONS

### A.     "Natural," and "Non-GMO" Are Highly Profitable Descriptors

15.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 15, and on that basis denies them.

16.     KIND admits that plaintiffs purport to cite statistics from *Natural Foods Merchandiser*, the content of which speaks for itself.  KIND denies that plaintiffs accurately characterize the statistics. KIND lacks sufficient knowledge or information to form a belief as to truth of the remaining allegations in Paragraph 16, and on that basis denies them.

17.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 17, and on that basis denies them.

18.     KIND admits that plaintiffs purport to summarize a 2008 article from *The Economist*, the content of which speaks for itself.  KIND denies that plaintiffs accurately characterize the article. KIND lacks sufficient knowledge or information to form a belief as to truth of the remaining allegations in Paragraph 18, and on that basis denies them.

19.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 19, and on that basis denies them.

### B.     The KIND Marketing Scheme

20.     KIND admits the allegations in Paragraph 20.

21.     KIND admits that plaintiffs purport to quote excerpts from an interview of Mr. Lubetzky in a December 15, 2011 article in *The Wall Street Journal*,  the content of which speaks for itself. KIND denies that plaintiffs accurately characterize the interview and denies the remaining allegations in Paragraph 21.

22.     KIND denies the allegations in Paragraph 22.

23.     KIND admits that plaintiffs purport to quote an excerpt from KIND's website, the content of which speaks for itself.

24.     KIND admits that plaintiffs purport to quote an excerpt from KIND's website, the content of which speaks for itself.

25.     KIND admits that plaintiffs purport to quote certain of KIND's marketing statements, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize its marketing statements, and denies the remaining allegations in Paragraph 25.

26.     KIND admits that its products are available for purchase at retail locations such as Starbucks and Whole Foods Market. KIND lacks sufficient knowledge or information to form a belief as to truth of the remaining allegations in Paragraph 26, and on that basis denies them. KIND further denies the allegations in Paragraph 26 to the extent that they imply that KIND's marketing scheme is false, deceptive, or otherwise in violation of the law.

27.     KIND lacks sufficient information and belief as to the truth of the allegations contained in Paragraph 27 because the source of the information is not identified and, on that basis denies them. KIND denies the allegations in Paragraph 27 to the extent that they imply that KIND's financial success is the result of marketing practices that are false, deceptive, or otherwise in violation of the law.

28.     KIND denies the allegations in Paragraph 28.

**C.      The Products Are Not "All Natural" or Non-GMO As Labeled**

29.     KIND admits that in the past, certain of its products, including certain of the Products challenged in this action, have had labels bearing an "All Natural" statement. KIND denies that the Products are currently labeled as "All Natural," and denies that its labeling in that regard is, or ever was, false, deceptive, or in violation of any law(s).

30.     KIND admits that in the past, certain of the Products challenged in this action have been labeled as "ALL NATURAL / NON GMO." KIND denies that the Products are

currently labeled as "ALL NATURAL / NON GMO," and denies that its labeling in that regard is, or ever was, false, deceptive, or in violation of any law(s).

31.     KIND admits that plaintiffs purport to reproduce a copy of a label for a KIND Nuts & Spices Caramel Almond & Sea Salt snack bar, which speaks for itself. KIND denies that the Products are currently labeled as "ALL NATURAL / NON GMO," and denies that its labeling is, or ever was, false, deceptive, or in violation of any law(s).

32.     KIND denies the allegations in Paragraph 32.

33.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 33, and on that basis denies them. KIND further denies that its labeling is, or ever was, false, deceptive, or in violation of any law(s).

34.     KIND denies the allegations in Paragraph 34.

35.     KIND denies the allegations in Paragraph 35.

36.     KIND admits that in the past, certain of its products, including certain of the Products challenged in this action, have had labels bearing a "Non GMO" statement. KIND denies that the Products are currently labeled as "Non GMO." KIND denies that its labeling in that regard is, or ever was, false and/or misleading, and otherwise denies the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 37.

38.     KIND admits that in the past, certain of its products, including certain of the Products challenged in this action, have had labels bearing an "All Natural" statement. KIND denies that the Products are currently labeled as "All Natural." KIND denies that its labeling in that regard is, or ever was, false and/or misleading, and otherwise denies the allegations in Paragraph 38.

39.     KIND admits that plaintiffs purport to quote the  definitions of "natural" and

"all" from the New Oxford American Dictionary, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize the definitions, and otherwise denies the allegations in Paragraph 39.

40.     KIND denies the allegations in Paragraph 40.

41.     KIND admits that FDA has not promulgated a formal regulation defining the terms "natural" or "all natural." KIND further admits that plaintiffs purport to quote FDA policy, the content of which speaks for itself. KIND denies the remaining allegations in Paragraph 41.

42.     On information and belief, KIND admits the allegations in the first sentence of Paragraph 42. KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in the second through fourth sentences of Paragraph 42. KIND denies the remaining allegations in Paragraph 42.

43.     KIND admits that plaintiffs purport to quote from a USDA policy book, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize USDA policy, and otherwise denies the allegations in Paragraph 43.

44.     KIND admits that plaintiffs purport to quote from a USDA policy book, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize USDA policy.

45.     KIND admits that plaintiffs purport to quote from a USDA policy book, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize USDA policy.

46.     KIND admits that plaintiffs purport to quote from 7 U.S.C. § 6502(21) and 7 C.F.R. § 205.1, the content of which speaks for itself. KIND denies that plaintiffs accurately characterize these regulations.

47.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 47, and on that basis denies them.

48.     KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 48, and on that basis denies them.

49.     KIND admits that the Products contain some (or none) of the ingredients listed in Paragraph 49 subsections (a)-(k), but denies the remaining allegations in Paragraph 49, and denies that it has falsely and/or misleadingly labeled, marketed, or advertised the Products.

## V. RULE 9(B) ALLEGATIONS

50.     KIND admits that plaintiffs purport to quote Fed. R. Civ. P. 9(b), the content of which speaks for itself. KIND denies the remaining allegations in Paragraph 50.

51.     KIND denies the allegations in Paragraph 51.

52.     KIND denies the allegations in Paragraph 52.

53.     KIND denies the allegations in Paragraph 53.

54.     KIND denies the allegations in Paragraph 54.

55.     KIND denies the allegations in Paragraph 55.

56.     KIND denies the allegations in Paragraph 56.

## VI.    CLASS ACTION ALLEGATIONS

57.     KIND admits that plaintiffs seek to represent a nationwide class and California, New York, and Florida sub-classes as defined in Paragraph 57, but denies that a class action is legally valid or appropriate and denies that plaintiffs or any putative class member are entitled to damages, costs, fees, or other relief from KIND.

58.     The allegations contained in Paragraph 58 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 58, and denies that this case should proceed as a class action.

59.     The allegations contained in Paragraph 59 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 59, and denies that this case should proceed as a class action.

60.     The allegations contained in Paragraph 60 set forth legal conclusions as to which

no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 60, and denies that this case should proceed as a class action.

61.     The allegations contained in Paragraph 61 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 61, and denies that this case should proceed as a class action.

62.     The allegations contained in Paragraph 62 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 62, and denies that this case should proceed as a class action.

63.     The allegations contained in Paragraph 63 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 63, and denies that this case should proceed as a class action.

64.     The allegations contained in Paragraph 64 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 64, and denies that injunctive and/or declaratory relief is appropriate.

## VII.    FIRST CLAIM FOR RELIEF

### (Breach of Express Warranty – Nationwide Class or, in the Alternative, the State-Wide Sub-Classes)

65.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

66.     The allegations contained in Paragraph 66 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 66.

67.     The allegations contained in Paragraph 67 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 67.

68.     The allegations contained in Paragraph 68 set forth legal conclusions as to which

no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 68.

69.     The allegations contained in Paragraph 69 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 69.

70.     The allegations contained in Paragraph 70 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 70.

71.     The allegations contained in Paragraph 71 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 71.

72.     The allegations contained in Paragraph 72 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 72, denies that plaintiffs and putative class members were damaged, and denies that plaintiffs and putative class members are entitled to any relief.

## VIII.   SECOND CLAIM FOR RELIEF

### (Unjust Enrichment/Common Law Claim for Restitution – Nationwide Class or, in the Alternative, the State-Wide Sub-Classes)

73.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

74.     KIND denies the allegations in Paragraph 74.

75.     The allegations contained in Paragraph 75 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 75.

76.     The allegations contained in Paragraph 76 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in

Paragraph 76.

77.     KIND admits that plaintiffs purport to seek an order requiring KIND to make restitution. KIND denies that plaintiffs or any class members are entitled to any restitution, and otherwise denies the allegations in Paragraph 77.

## IX.     THIRD CLAIM FOR RELIEF

**(Negligent Misrepresentation – Nationwide Class or, in the Alternative, the State-Wide Sub-Classes)**

78.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

79.     The allegations in Paragraph 79 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegation in Paragraph 79.

80.     The allegations contained in Paragraph 80 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 80.

81.     The allegations contained in Paragraph 81 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 81.

82.     The allegations contained in Paragraph 82 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 82.

83.     The allegations contained in Paragraph 83 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 83.

84.     The allegations contained in Paragraph 84 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in

Paragraph 84.

85.     The allegations contained in Paragraph 85 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 85.

86.     The allegations contained in Paragraph 86 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 86.

87.     The allegations contained in Paragraph 87 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 87.

88.     The allegations contained in Paragraph 88 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 88.

89.     The allegations contained in Paragraph 89 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies that plaintiffs or putative class members were harmed and suffered damages, denies that plaintiffs or putative class members are entitled to damages, and otherwise denies the allegations in Paragraph 89.

## X.     FOURTH CLAIM FOR RELIEF

### (Violation of New York General Business Law § 349 – Nationwide Class or, in the Alternative, the New York Sub-Class)

90.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

91.     KIND admits that plaintiffs purport to quote New York General Business Law § 349, the content of which speaks for itself.

92.     The allegations contained in Paragraph 92 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in

Paragraph 92.

93.     KIND lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94.     The allegations contained in Paragraph 94 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 94.

95.     The allegations contained in Paragraph 95 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 95.

96.     The allegations contained in Paragraph 96 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 96.

97.     The allegations contained in Paragraph 97 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 97.

98.     The allegations contained in Paragraph 98 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 98.

99.     KIND admits that its headquarters is in New York and that it conducts business in New York. KIND denies the remaining allegations in Paragraph 99, denies that this case should proceed as a class action, and denies that it has violated New York General Business Law § 349.

100.    The allegations contained in Paragraph 100 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 100.

101.    KIND admits that plaintiffs seek an injunction against KIND on behalf of

themselves and a putative class. The remaining allegations in Paragraph 101 are legal conclusions to which no response is necessary. To the extent that a response is necessary, KIND denies the allegations in Paragraph 101, denies that plaintiffs are entitled to an injunction, and denies that it falsely or misleading advertises its products.

102. KIND admits that plaintiffs seek relief on behalf of themselves and a putative class. KIND denies that plaintiffs or putative class members are entitled to any relief, and denies all remaining allegations in Paragraph 102.

## XI. FIFTH CLAIM FOR RELIEF

### (Violation of New York General Business Law § 350 – Nationwide Class or, in the Alternative, the New York Sub-Class)

103. KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

104. The allegations contained in Paragraph 104 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 104.

105. KIND admits plaintiffs purport to quote New York General Business Law § 350, the contents of which speak for itself.

106. The allegations contained in Paragraph 106 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 106.

107. The allegations contained in Paragraph 107 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 107.

108. The allegations contained in Paragraph 108 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND admits that its headquarters is in New York and that it conducts business in New York. KIND denies the

remaining allegations in Paragraph 108, denies that this case should proceed as a class action, and denies that it has violated New York General Business Law § 350.

109.     The allegations contained in Paragraph 109 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 109.

110.     KIND admits that plaintiffs seek an injunction against KIND on behalf of themselves and a putative class. The remaining allegations in Paragraph 110 are legal conclusions to which no response is necessary. To the extent that a response is necessary, KIND denies the remaining allegations in Paragraph 110, denies that plaintiffs are entitled to an injunction, and denies that it falsely or misleading advertises its products.

111.     KIND admits that plaintiffs seek relief on behalf of themselves and a putative class. KIND denies that plaintiffs or putative class members are entitled to any relief, and denies all remaining allegations in Paragraph 111.

## XII.     SIXTH CLAIM FOR RELIEF

### (Violation of the Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* – California Sub-Class)

112.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

113.     The allegations contained in Paragraph 113 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 113.

114.     The allegations contained in Paragraph 114 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 114.

115.     The allegations contained in Paragraph 115 set forth legal conclusions as to

which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 115.

116. The allegations contained in Paragraph 116 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 116.

117. KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 117, and on that basis denies them.

118. The allegations contained in Paragraph 118 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 118.

119. KIND lacks sufficient knowledge or information to form a belief as to truth of the allegations in Paragraph 119, and on that basis denies them.

120. The allegations contained in Paragraph 120 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 120.

121. The allegations contained in Paragraph 121 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 121, and denies that any representations on its Products were misleading.

122. The allegations contained in Paragraph 122 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 122.

123. The allegations contained in Paragraph 123 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 123.

124. KIND admits that the California Plaintiff seeks certain relief individually and on

behalf of a putative class, but denies that plaintiffs or the putative class are entitled to any relief and denies the remaining allegations in Paragraph 124.

125.     The allegations contained in Paragraph 125 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 125.

126.     KIND admits that plaintiffs provided KIND with written notice pursuant to the CLRA prior to filing the amended complaint. The remaining allegations contained in Paragraph 126 set forth legal conclusions as to which no response is necessary.

127.     The allegations contained in Paragraph 127 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 127.

## XIII. SEVENTH CLAIM FOR RELIEF

## (Violation of False Advertising Law, Cal. Bus. & Prof. Code § 17500, et seq. – California Sub-Class)

128.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

129.     The allegations contained in Paragraph 129 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 129.

130.     The allegations contained in Paragraph 130 set forth legal conclusions to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 130.

131.     KIND denies the allegations in Paragraph 131.

132.     KIND denies the allegations in Paragraph 132.

133.     KIND denies the allegations in Paragraph 133.

134.     KIND lacks sufficient knowledge or information to form a belief as to the truth

of the allegations contained in Paragraph 134 and on that basis denies them.

135. The allegations contained in Paragraph 135 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 135.

136. The allegations contained in Paragraph 136 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 136.

137. KIND admits that the California Plaintiff seeks injunctive and other relief individually and on behalf of a putative class, but denies the remaining allegations in Paragraph 137.

138. The allegations contained in Paragraph 138 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND admits that the California Plaintiff seeks injunctive and other relief individually and on behalf of a putative class, but denies that plaintiffs or putative class members are entitled to any relief.

## XIV. EIGHTH CLAIM FOR RELIEF

**(Violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.* – California Sub-Class)**

139. KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

140. KIND admits that plaintiffs purport to quote California's Unfair Competition Law, the content of which speaks for itself. The remaining allegations contained in Paragraph 140 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the remaining allegations in Paragraph 140.

141. The allegations contained in Paragraph 141 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 141.

142.     The allegations contained in Paragraph 142 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 142.

143.     The allegations contained in Paragraph 143 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 143.

144.     The allegations contained in Paragraph 144 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 144.

145.     The allegations contained in Paragraph 145 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 145.

146.     The allegations contained in Paragraph 146 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 146.

147.     KIND admits that the California Plaintiff seeks restitution, an injunction, and other relief individually and on behalf of a putative class, but denies that plaintiffs or putative class members are entitled to any relief. KIND denies the remaining allegations in Paragraph 147.

148.     KIND admits that the California Plaintiff seeks restitution, an injunction, and other relief individually and on behalf of a putative class, but denies that plaintiffs or putative class members are entitled to any relief. KIND denies the remaining allegations in Paragraph 148.

149.     The allegations contained in Paragraph 149 appear to be an incomplete sentence. To the extent a response is necessary, KIND denies that plaintiffs are entitled to any relief.

## XV. NINTH CLAIM FOR RELIEF

## (Violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* — Florida Sub-Class)

150.     KIND repeats and re-alleges as if set forth herein its responses set forth in the preceding paragraphs.

151.     KIND admits that it conducts business in the State of Florida. KIND denies the remaining allegations in Paragraph 151.

152.     KIND admits that plaintiffs purport to bring an action pursuant to the FDUTPA, and purport to quote the FDUTPA, the content of which speaks for itself. KIND denies the remaining allegations in Paragraph 152.

153.     The allegations contained in Paragraph 153 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 153.

154.     The allegations contained in Paragraph 154 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 154.

155.     The allegations contained in Paragraph 155 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 155.

156.     KIND admits that plaintiffs purport to quote Section 501.204(1) of the Florida Statutes, the content of which speaks for itself. KIND denies the remaining allegations in Paragraph 156.

157.     KIND admits that plaintiffs purport to quote Section 501.204(2) of the Florida Statutes, the content of which speaks for itself. KIND denies the remaining allegations in Paragraph 157.

158.     The allegations contained in Paragraph 158 set forth legal conclusions as to

which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 158.

159.    The allegations contained in Paragraph 159 set forth legal conclusions as to which no response is necessary. To the extent a response is necessary, KIND denies the allegations in Paragraph 159.

## PRAYER FOR RELIEF

KIND denies that plaintiffs are entitled to any relief on any of their claims on behalf of themselves or the putative class or subclasses.

## AFFIRMATIVE OR OTHER DEFENSES

Without assuming any burden of proof not otherwise legally assigned to it, KIND asserts the following separate and additional defenses to the amended complaint brought against it:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

The amended complaint and each purported cause of action asserted therein fail to plead facts sufficient to constitute a claim upon which relief can be granted. Among other deficiencies in the amended complaint, plaintiffs have failed to plead fraud with particularity, allege how they or a reasonable consumer were deceived or harmed by KIND's alleged misrepresentation, and to sufficiently allege reliance on the alleged misrepresentations.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' and putative class members' claims are barred in whole or in part by lack of standing and failure to establish any cognizable injury.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

Upon information and belief, KIND alleges that the amended complaint and each purported cause of action asserted therein is barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs and/or members of the asserted putative classes failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs and/or members of the asserted putative classes should be reduced accordingly. Upon information and belief, KIND alleges that, among other things, plaintiffs and members of the asserted putative classes failed to mitigate any damages by taking or failing to undertake conduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

The amended complaint and each purported cause of action alleged therein is barred to the extent that KIND's conduct was not the actual or proximate cause of any loss suffered by plaintiffs and/or members of the asserted putative classes.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

No damages or other relief can be recovered by plaintiffs and/or members of the asserted putative classes to the extent the amended complaint and each purported cause of action alleged therein is barred, in whole or in part, by an applicable statute of limitations. *See, e.g.*, New York General Business Law § 349 (three-year limitations period); New York General Business Law § 350 (three-year limitations period); Cal. Civ. Code § 1750 (three-year limitations period); Cal. Bus. & Prof. Code § 17500 (three-year limitations period); Cal. Bus. & Prof. Code § 17200 (four-year limitations period); Fla. Stat. §§ 501.201 (four-year limitations period). Upon information and belief, KIND alleges that plaintiffs and/or members of the asserted putative classes failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims, and those of the classes they purport to represent, are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Injunctive Relief)

To the extent plaintiffs seek injunctive relief, such relief is barred because plaintiffs and/or members of the asserted putative classes have not suffered irreparable harm and/or there is no real or immediate threat of injury.

## NINTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

KIND alleges as an affirmative defense that the UCL and FAL are unconstitutional as plaintiffs seeks to have them applied in this case because their application would violate the dormant Commerce Clause.

## TENTH AFFIRMATIVE DEFENSE

### (Payments, Refunds, Rebates, Coupons, or Replacement Products)

Plaintiffs and putative class members' claims are barred, in whole or in part, to the extent they have received any payments, refunds, rebates, coupons, or replacement products from KIND.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff Received Full Benefit of Products)

Plaintiffs and the putative classes have enjoyed the full benefit of their purchase of KIND's products that are the subject of the amended complaint and are thereby barred from making the claims for relief set forth in the amended complaint.

## RESERVATION OF ADDITIONAL DEFENSES

KIND reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, KIND prays that the Court grant judgment against plaintiffs on all claims asserted in the amended complaint and order that plaintiffs take nothing; find that this suit cannot be maintained as a class action; enter judgment in favor of KIND; dismiss the amended complaint with prejudice; award KIND its costs and attorney's fees incurred in defending this action, according to law and contract; and grant such other and further relief as the Court deems just and proper.


DATED: April 4, 2019                    Respectfully Submitted,

                                        By: /s/ Dale J. Giali
                                             Dale J. Giali
                                             Keri E. Borders
                                             Mayer Brown LLP
                                             350 South Grand Avenue, 25th Floor
                                             Los Angeles, CA 90071-1503
                                             Telephone: (213) 229-9500
                                             Facsimile: (213) 625-0248
                                             Email: dgiali@mayerbrown.com

                                             Counsel for Defendants KIND LLC and
                                             KIND Management, Inc.