UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: KIND LLC "HEALTHY AND ALL NATURAL" LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  15-MD-2645 (WHP)<br>15-MC-2645 (WHP)<br><br><br>Hon. William H. Pauley, III, presiding |

**PLAINTIFFS' RESPONSE TO DEFENDANT KIND LLC'S
OBJECTIONS TO THE REPLY DECLARATION OF STEPHEN F. HAMILTON, PH.D.
AND THE REBUTTAL EXPERT REPORT OF J. MICHAEL DENNIS, PH.D.**

934494.2

## I. INTRODUCTION

Plaintiffs submit this response pursuant to the Court's Order (ECF No. 213). KIND, LLC's ("KIND") Objections to the Reply Declaration of Stephen F. Hamilton (ECF No. 203, "Hamilton Reply Declaration") and the Rebuttal Expert Report of J. Michael Dennis, Ph.D. (ECF No. 208, "Dennis Report") should be overruled because these reports are strictly responsive to KIND's own expert's declaration in support of its Opposition to Plaintiffs' Motion, and otherwise do not contain any new opinions or analysis in support of Plaintiffs' Motion for Class Certification (ECF No. 168). Further, due to the stipulated briefing schedule, strict compliance with Federal Rule of Civil Procedure 26(a)(2) was impossible. Nonetheless, KIND has exploited this benign, non-prejudicial issue and wishes to litigate a merits issue at the time of class certification – an otherwise procedural motion. *See Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 317 F.R.D. 374, 385 (S.D.N.Y. 2016), *quoting In re IPO Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) ("a court 'should not assess any aspect of the merits unrelated to a Rule 23 requirement.'").

## II. PROCEDURAL HISTORY

On August 15, 2019, pursuant to the Court's Scheduling Order (ECF No. 148), the parties exchanged expert disclosures. Plaintiffs identified Dr. Stephen F. Hamilton and KIND identified *marketing expert* Dr. Ran Kivetz. Based on these initial declarations, neither party made any additional disclosures.

On January 17, 2020, Plaintiffs filed their Motion for Class Certification supported by the declaration of Stephen F. Hamilton. KIND filed its Opposition to Plaintiffs' Motion for Class Certification (ECF No. 181) on March 6, 2020 supported by the declaration of Dr. Ran Kivetz (ECF No. 183, "Kivetz Declaration"). The Kivetz Declaration included a substantial, merits-based survey. *Twenty-eight days later*, Plaintiffs were to file their Reply, however, due to the COVID-19 pandemic that filing was continued until June 2, 2020. The Reply (ECF No. 206) is supported

by the Hamilton Reply Declaration and, due to necessity, the Dennis Report. The Dennis Report was an unanticipated rebuttal report (and therefore the reason he was not disclosed in August 2019 along with Dr. Hamilton) as KIND misrepresented the scope of testimony it planned Dr. Kivetz to provide.

### III.  LEGAL STANDARD

"[A] district court has wide discretion in determining whether to permit evidence on rebuttal." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016), *quoting United States v. Tejada*, 956 F. 2d 1256, 1266 (2d Cir. 1992). Federal Rule of Procedure 26 permits parties to submit expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii). "A rebuttal expert report is not the proper place for presenting new legal arguments, *unless presenting those arguments is substantially justified and causes no prejudice*." *Ebbert v. Nassau Cty.*, 05 Civ. 5445 (FB)(AKT), 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008) (emphasis added, internal quotation omitted). "Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 03 Civ. 1851 (NGG) (RML), 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008), *quoting Crowley v. Chait*, 322 F. Supp. 2d 530, 551 (D.N.J. 2004).

### IV.  KIND'S OBJECTION TO THE DENNIS REPORT SHOULD BE OVERRULED

KIND commissioned the previously undisclosed merits consumer survey contained in the Kivetz Declaration. In doing so, KIND has opened the very foreseeable door for a rebuttal to the survey and opinions surrounding it. KIND now argues that Plaintiffs' challenges to the Kivetz Declaration and the merits survey should go unchecked forgoing the adversarial process. The Dennis Report is appropriately narrow as it directly addresses and responds to the previously undisclosed merits survey commissioned by KIND and presented in Dr. Kivetz's declaration. This

*strictly responsive rebuttal pleading* to KIND's improper merits-based submission should not be stricken and KIND's Objection should be overrruled, as KIND laid the groundwork for such a predictable rebuttal.

Plaintiffs' retention of Dr. Dennis is a direct, foreseeable and justified result of the narrow disclosure made by KIND in August 2019.  KIND stated; "Dr. Kivetz will provide expert witness testimony in the areas of marketing, consumer behavior, and consumer purchasing decisions." (KIND's August 15, 2019 Initial Expert Disclosures).  KIND did *not* disclose that its marketing expert would opine outside of his area of expertise and conduct a widespread, merits survey.  In short, Plaintiffs were sandbagged on March 6, 2020, when Kind submitted the Kivetz report along including his merits survey.  As the Dennis Report solely rebuts the Kivetz report and , would not have been disclosed prior to Plaintiffs' original deadline relating to class certification briefing, the Dennis Report causes no prejudice.

It was impossible to comply with the 30-day disclosure period in Rule 26(a)(2) here; the originally-scheduled Reply was due 28 days after the Opposition, and the Kivetz deposition was scheduled and postponed due to COVID-19.  Plaintiffs, aware of their obligations, made significant efforts to, and did in fact, limit Dr. Dennis' scope of review to the Kivetz survey *and nothing more.*  Naturally, Dr. Dennis could have designed a competing merits survey in an attempt to reinforce Plaintiffs' positions, but that is not the case — the Dennis Report is a narrow, focused rebuttal in response to Dr. Kivetz's survey.  This is evident not only in substance, but in the title of the document itself — *it is a rebuttal report*, submitted to *impeach* Dr. Kivetz's survey, not a further expert report in support of Plaintiffs' original motion.  Because Plaintiffs intentionally limited the substance of the Dennis Report, KIND suffers no prejudice from the door it opened with Dr Kivetz's merits survey.

The cases that KIND string cites with no analysis in support of its objection are unpersuasive. In *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310-11 (M.D.N.C. 2002), plaintiff did not disclose an expert until the very end of *fact discovery*. There, the court held that the although the legal justifications weighed against inclusion, it would consider the good faith factual argument. *Id.* The court ultimately ruled against the inclusion of plaintiffs expert, but it used its wide discretion to consider all facts and circumstances. Here, while discovery has not been bifurcated and is ongoing, discovery thus far has been focused on class certification. The issues of timing and ill preparation in *Akeva* are also not present here. The Dennis Report is pure rebuttal and offered in good faith to impeach the unexpected survey of Dr. Kivetz. Similarly, *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004), and *Continental Lab. Prods., Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675 (S.D. Cal. 2000) both excluded merits-based, substantive testimony at the summary judgment stage. In *Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018), although the expert report was not considered, the court specifically noted that "in certain circumstances it is appropriate to supplement the record to support prior points and *rebut the opposition*." (emphasis added); *see also Bayway Refining Co. v. Oxygenated Marketing & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000). *Gbarabe v. Chevron Corp.*, No. 14-CV-00173-SI, 2017 WL 956628 (N.D. Cal. Mar. 13, 2017), is so factually different from the instant case that it cannot be considered relevant. There, defendant moved to strike an expert that plaintiff itself sought to withdraw for a myriad of reasons, including the fact that the expert lost and manipulated data and actually testified "maybe it did, maybe it didn't"; (to this point, the court held "This admission alone renders his causation opinion speculative and inadmissible."). *See id.* at *17. Here, no such issues exist with either of Plaintiffs' experts.

For the foregoing reasons, Plaintiffs respectfully request that KIND's objection to the Dennis Report be overruled.

## V. KIND'S OBJECTION TO THE HAMILTON REPLY DECLARATION SHOULD BE OVERRULED

The Hamilton Reply Declaration does not present any new opinion as argued by KIND. Rather, it restates, clarifies, and implements the opinions and methodologies contained in his initial Declaration in support of Plaintiffs' Motion for Class Certification (ECF No. 170, "Hamilton Class Certification Declaration"). Alternatively, to the extent KIND contends that the information contained in the Hamilton Reply Declaration is new and impermissible, it is a direct consequence of their own merits-based challenges. The Hamilton Reply Declaration is proper and KIND's Objection thereto should be overruled.

The Hamilton Class Certification Declaration, among other opinions and analyses, properly proposed a methodology for calculating a price premium paid for KIND's products. *See* Hamilton Class Certification Declaration, ¶¶ 22-23; *see also Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017) ("Mr. Weir's report -- which proposes using 'hedonic regression' to calculate how much, if any, of the price of the wipes products are attributable to the 'flushable' representation -- is adequate for class certification."); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413 (S.D.N.Y. 2015) (approving price premium damages models including hedonic regression analysis); *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 277-78 (E.D.N.Y. 2019) (same). KIND, in its Opposition and through Dr. Kivetz, not only challenged the proposed methodology, but moved to strike the Hamilton Class Certification Declaration (ECF No. 191) because he did not actually run the hedonic regression. In direct and justified response to this challenge, Dr. Hamilton rebutted KIND's challenges by testing the data (despite KIND's efforts to stonewall him by failing to provide Plaintiffs with additional data relating to promotions and discounts) to

demonstrate that the hedonic regression analysis can be conducted with the data available, just as he originally opined. (*See* Hamilton Reply Declaration, ¶ 23). KIND now seeks to have the data and explanations it *specifically said was missing* stricken.

Dr. Hamilton has not provided any new opinion, but rather directly rebutted the baseless challenges to his Class Certification Declaration. KIND simply cannot have it both ways; strike the Hamilton Class Certification Declaration because it did not go far enough, and strike the Hamilton Reply Declaration because it went too far. Not only should the instant Objection be overruled, but the also-pending Motion to Strike should be denied as well.

As more fully set forth in Plaintiffs' Motion for Class Certification, a merits-based inquiry at this stage of the litigation is unnecessary. *See Goldemberg*, 317 F.R.D. 385. Dr. Hamilton's proposed methodology and data analysis is sufficient at this stage of the litigation. But for KIND's direct attack on the supposed insufficiency of Dr. Hamilton's planned hedonic regression, the targeted response would have never been necessary or required. Either the proposed methodology will work, or it will not. Regardless of how that question is answered, the proposal is well-reasoned (especially in light of the analysis of recently obtained data as set forth in the Hamilton Reply Declaration) and therefore adequate for the purposes of determining Plaintiffs' Motion for Class Certification. KIND's merits-based challenge is improper at this stage and better suited for a motion for summary judgment at a later juncture.

Despite KIND's best efforts to present the Hamilton Reply Declaration as including new opinions and sandbagging, that is simply not the reality. There is no presentation of new evidence here. The Hamilton Reply Declaration simply responds to KIND's challenges by analyzing whether the data at issue is suitable to determine whether or not a price premium can be calculated via the proposed hedonic regression. Again, whether the proposed hedonic regression actually

yields statistically significant results is not relevant at this time. What truly matters is whether the process and methodology is well-reasoned and applicable on a class-wide basis.

Again, each of the cases cited by KIND are distinguishable. *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352 HB, 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007), involved the reinstatement of a restraining order for which the plaintiff submitted no evidence with its motion, but then submitted "a 12-page reply brief, and attached 133 pages of affidavits, declarations, and deposition transcripts, in support of its initial allegations." *Id*. at *1. Here, Plaintiffs submitted substantial evidence and declarations with their Motion for Class Certification. As discussed, the Hamilton Reply Declaration does not present any new opinion, rather, it restates, clarifies, and implements the opinions and methodologies contained in his Class Certification Declaration. Nothing in the Hamilton Reply Declaration is being seen by KIND for the first time. In *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1028 (C.D. Cal. 2018), an out-of-Circuit case, plaintiffs' expert conducted a complete, substantively unique survey that was not disclosed until the filing of the class certification reply. The court refused to consider the second report and survey as it was clear plaintiffs had not acted in good faith. Here, outside of pure rebuttal, there is no substantively new evidence or information contained in the Hamilton Reply Declaration. More importantly, Plaintiffs have acted in good faith and made every effort to litigate this matter in a professional, fair manner.

Finally, in *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008), the court actually held that the expert's declaration, "while repetitive at points and unnecessarily lengthy, [was] proper." The court struck five new regressions that could have been included in the initial report. Here, no regressions have been run, only a methodology presented and data analyzed in that context to confirm that a hedonic regression analysis could be conducted

at the merits phase. The Hamilton Reply Declaration is purely a refinement of the Hamilton Class Certification Declaration and offered as rebuttal to Dr. Kivetz.

For the foregoing reasons, Plaintiffs respectfully request that KIND's objection to the Hamilton Reply Declaration be overruled.

## VI. CONCLUSION

For the foregoing reasons, KIND's objections to the Hamilton Reply Declaration and the Dennis Report should be overruled.

DATED: June 24, 2020                                    Respectfully Submitted,


By: */s/ Todd S. Garber*
Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Ave., Suite 605
White Plains, New York 10601
Tel: (914) 298-3283
Fax: (914) 824-1561

Daniel L. Warshaw
*dwarshaw@pswlaw.com*
Matthew A. Pearson
*mapearson@pswlaw.com*
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel: (818) 788-8300
Fax: (818) 788-8104

>
> Tina Wolfson
> *twolfson@ahdootwolfson.com*
> Robert Ahdoot
> *rahdoot@ahdootwolfson.com*
> Theodore W. Maya
> *tmaya@ahdootwolfson.com*
> Bradley K. King
> *bking@ahdootwolfson.com*
> **AHDOOT & WOLFSON, PC**
> 10728 Lindbrook Drive
> Los Angeles, California 90024-3102
> Tel: (310) 474-9111
> Fax: (310) 474-8585
>
> *Counsel for Plaintiffs and the Putative Class*

934494.2

9